W. B. SMITH v. J. L. JACKSON AND J. S. DAIL.

(Filed 6 October, 1920.)

**Appeal and Error—Outlet to Lands—Adverse User—Evidence—Title—Damages—Prejudicial Error.**

> Where the plaintiff's testimony tends to show title by sufficient adverse user to a way across defendant's land to his farm, it is reversible error for the trial judge to admit evidence in defendant's behalf as to the damages caused him by the location of this outlet, and that he had opened

another for the plaintiff's use, these being collateral matters to the question of the title set up, and irrelevant, incompetent, and calculated to mislead the jury, to the plaintiff's prejudice.

CIVIL ACTION, tried before *Kerr, J.,* at Spring Term, 1920, of LENOIR, upon this issue:

"Is the plaintiff the owner of an easement entitling him to use the road or way over defendants' land described in the pleadings? Answer: 'No.'"

From the judgment rendered, plaintiff appealed.

*T. C. Wooten for plaintiff.*
*Rouse & Rouse and T. I. Sutton for defendant.*

BROWN, J. This action is brought to enjoin the defendants from closing up a right of way over the defendants' land. The plaintiff claims to be the owner of an easement entitling him to use the road over defendants' land, and in support of his title, plaintiff offered evidence tending to prove that the lane in controversy runs from his farm over the defendants' land to the public road; that from where the lane enters the land of the defendants to the public highway is about 100 yards, and that the defendant had wrongfully closed it up. The plaintiff offered testimony tending to prove that he bought the place where he resides 40 years ago, and that the lane was there then, and that it was used by those under whom he claimed for 40 years before plaintiff purchased, as a way out from his plantation to the public road.

Plaintiff testified that when he went in possession of his farm he used this right of way continuously as a matter of right. There is other evidence tending to prove that the plaintiff is the owner of the easement described in the complaint.

The assignments of error relate to evidence introduced over the objection of the plaintiff tending to prove that the right of way was injurious to the defendant's land. One of the defendants testified, over the plaintiff's objection, that he, Jackson, has recently purchased the land over which the lane ran, and that he closed it in with a wire fence and ploughed up the right of way.

The defendant, under objection, was permitted to testify and to detail why he fixed the fence, and why he ploughed up the right of way, detailing that the lane was a damage to his land; that it made short rows and caused washes, and that this shortened the route from Mr. Smith's farm to the public highway. That he had built a new outlet that was more beneficial to his farm, and also one over which Smith could reach the public highway.

The ruling of the learned judge permitting the introduction of such testimony cannot be sustained. The evidence offered was plainly irrelevant and incompetent and calculated to mislead and prejudice the jury. It was the title to the easement which was the issue to be decided, and not whether it was injurious to the defendants' farm. It matters not how detrimental the lane was to the defendants' land, if the plaintiff had acquired title to the use of that lane by prescription it is as effective as if he had acquired title by deed. The defendants could not deprive him of his easement by providing another outlet.

New trial.