Obringer, Appellant, *v.* Minnotte Brothers Company.

Argued March 20, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and JONES, JJ.

*Edward J. McGinness,* for appellant.

*J. Roy Dickie,* with him *H. A. Robinson* and *Dickie, Robinson & McCamey,* for appellee.

OPINION BY MR. JUSTICE DREW, April 9, 1945:

This suit in ejectment was brought for possession of a narrow strip of land, 20 feet wide and 300 feet in length, being part of a strip of land 40 feet wide and over two miles in length, which larger strip was formerly occupied by a private railroad for the hauling of coal from mines of plaintiff's predecessors in title to the Monongahela River for water transportation.

The case was tried before a jury and at the conclusion of the testimony the court directed a verdict for defendant. A motion by plaintiff for judgment n. o. v. was argued before the court en banc, and was refused. Judgment having been entered on the verdict, plaintiff appealed.

The undisputed facts of the case show that prior to 1876, James H. Hays owned large tracts of coal land, which included the piece of land now in question, in what was known as Hays Borough, Allegheny County; that he was engaged in mining the coal and for the purpose of hauling it to the river, constructed over his own property, and by right of way over property of others, a narrow gauge road which came to be known as the Hays Coal Railroad. In 1900 the heirs of James H. Hays, as the Hays Estate, conveyed some of these coal lands to the Monongahela River Consolidated Coal and

Coke Company and included therein use of the railroad as a right of way for river shipment, but stipulated therein for a reversion of the said land and right of way within thirty years or sooner if mining operations were completed. In 1911 or 1912 the Monongahela River Consolidated Coal and Coke Company dismantled, tore up and removed the tracks of the railroad; since then there never has been a railroad on this property nor has it since been used as a right of way. By deed, dated June 11, 1914, the Monongahela River Consolidated Coal and Coke Company reconveyed the property to the Hays Estate, including this right of way.

In 1914 the Hays Estate conveyed to Ward Equipment Company, three small tracts of land, the first and second of which are on opposite sides of the 40-foot strip which was formerly the right of way of the coal railroad; and these were subsequently purchased respectively by plaintiff and defendant. With the third tract we are not here concerned. The Hays-Ward deed described these tracts as extending to "the right of way of the Hays Coal Railroad", making it the monumental boundary, and in the habendum clause was inserted the covenant that the grantee took subject "to any and all rights of way." The tracts were described by courses and distances. The deed limited the conveyance to the grantees by making one of the boundary lines the line of the right of way. There never was such an entity as Hays Coal Railroad. This was merely the name used by James H. Hays and his heirs to designate the private coal road.

In 1915 Hays Estate conveyed in fee to Carl K. Devlin, inter alia, the tract in question which covered the right of way, and Devlin that year conveyed it to the Terminal Coal Company which, in 1938, conveyed it to defendant. Plaintiff, learning that defendant was about to erect a steel building thereon, served notice asserting his title to the land now in dispute, and soon thereafter brought this suit to recover possession.

Plaintiff contends that since the deed to Ward Equipment Company, his predecessor in title, conveyed the three pieces of property and contained, inter alia, the description ". . . side of the right of way of the Hays Coal Railroad" and the habendum clause stated, "subject . . . to any and all rights of way" that the Hays Estate thereby disposed of the entire tract, including the 40-foot strip, and merely reserved an easement; that it did not retain an estate in fee; and that since it purported to convey the land in fee it has abandoned the right of way and the right of possession reverts to plaintiff to the center line of the strip. With this contention we cannot agree. Ward Equipment Company and its successor in title did not acquire right, title or interest to the tract merely because it was designated as a right of way, because in fact no right of way or easement then existed. There could not then be a right of way or easement over this land since there was no dominant or servient tenement. It is fundamental that an owner of land in fee cannot have an easement over his own property: *Zerbey v. Allan,* 215 Pa. 383, 387, 64 A. 587.

The undisputed facts clearly show that title in fee to the tract in question remained at all times in the heirs of James H. Hays and their successors. When Monongahela River Coal and Coke Company reconveyed its rights and interests in this tract and right of way to the Hays Estate, the entire area became an estate in fee. The right of way of the Hays Coal Railroad merged in the fee of the Hays Estate: *Terminal Coal Co. v. Penna. R. R. Co.,* 291 Pa. 103, 106, 139 A. 612. The easement or right of way was then extinguished and has never been revived. The mere fact that the deed to Ward Equipment Company referred to this tract as one of the boundaries of the property therein conveyed cannot be construed as reviving the easement.

The learned trial court in its opinion very properly said: "There is no doubt that the coal railroad had been,

and when reconstructed, would be, a private facility for the transportation of coal from the mines of the Hays heirs or their vendees. It was not an appurtenance to the tracts which abutted its path. Insofar as the land owned by the Hays heirs is concerned, there was no separate estate for the right of way."

Plaintiff contends that since the Hays Coal Railroad was made the monumental boundary line in the deed to Ward Equipment Company and since such boundary line had width, the rule laid down in *Rice v. Clear Springs Coal Co.*, 186 Pa. 49, 40 A. 149, should apply. That is, when in determining the true intention of the parties to the deed, one of the rules of construction in Pennsylvania is that when a monumental boundary line given in a deed has physical extent as a road, street or other monument having width, courts will so interpret the language of the description, in the absence of any apparent contrary intent, as to carry the fee of the land to the center line of such monument.

We agree that such construction should be given when the roadway involved constituted a public thoroughfare or a highway. This, for the reason of public convenience or ingress and egress from the abutting property. However, the facts of this case warrant no such construction. The learned court below disposed of this argument as follows: "An examination of the reasons for the rule convinces us that there is no practical application of any of them to the facts of this case. When it is considered that the parcels conveyed had no appurtenant rights in the coal railroad and that the strip of ground was indeed useful to the Hays heirs despite the absence of the railroad, as well as the fact that the parcels had adequate access to public highways, it would seem that the presumption is entirely destroyed. There is no question of public convenience, because the public had no rights in the strip."

It will be noted that none of plaintiff's predecessors in title appear to have claimed title to the strip of

ground involved in this case and that the question has now arisen after a lapse of nearly forty years.

Judgment affirmed, costs to be paid by appellant.