Gogel et ux. *v.* Blazofsky et ux., Appellants.

Argued March 18, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*W. Hamlin Neely,* for appellants.

*James L. Weirbach,* for appellees.

OPINION BY GUNTHER J., June 11, 1958:

This appeal is from the final decree of the court below compelling specific performance for the conveying

of a parcel of real estate based upon an oral understanding or agreement. The parties to this appeal are adjoining property owners of real estate situate on Reliance Street, Egypt, Lehigh County. Both properties front on Reliance Street on the east and the northerly property line of appellants' land is also the southerly property line of appellees' land. Both properties have dwellings erected thereon and ingress and egress to and from appellants' property from Reliance Street is possible through a dirt driveway which is mostly on appellants' land. However, a part of said driveway, running in a westerly direction from Reliance Street to a garage, extends northwardly and on property of appellees' land.

On April 28, 1955, appellees filed an action in ejectment against appellants, alleging that the driveway of appellants encroached on their land. To this an answer was filed alleging title by adverse possession. The action was listed for trial on May 1, 1956, at which time counsel for both sides appeared in court and the case was continued pending settlement. This action was taken pursuant to previous attempts at settlement, whereby appellees were to convey to appellants that portion of said driveway which allegedly encroached upon appellees' land and whereby appellants were to pay appellees the sum of $500.00 reserving to said appellees an easement and right of way through the said driveway and across that portion of land to be conveyed. However, difficulties arose as to whether such easement should be reserved to appellees only during the time appellees had title to the property serving such easement, for term of year, for life, or a perpetual easement. The day previous to the request for continuance, counsel for the respective parties agreed that the easement to be reserved be limited to the life of the appellees and that the costs of survey and re-

cording costs be borne equally. Settlement, however, was never made and during the early part of May, 1956, appellants discharged their then counsel. All agreements relating to the settlement, to the terms of conveyance and the reservation of an easement as well as authority of counsel for appellants were oral.

On July 30, 1956, appellees presented a petition in the court below praying for a rule to show cause why appellants should not comply with the terms of the alleged agreement as "announced in open court for and in their behalf by their attorney on May 1, 1956." In this petition the facts herein referred to were substantially set forth as well as the tendering of said deed and refusal of the same by appellants. On August 1, 1956, a rule to show cause issued and appellants filed an answer in which the agreements of settlement were denied as well as authority of their then counsel, and stated that all of these alleged agreements, as well as authority of counsel, were oral, and such oral agreements were barred by the Statute of Frauds, the Act of March 21, 1772, Smith Laws 389, section 1, 33 P.S. section 1. After hearing and arguments, the court below found that the conveyance by appellees to appellants of title for the land encroached upon would be within the Statute of Frauds, but since appellees are willing to execute the deed, the question of the Statute of Frauds does not arise. The court below further found in connection with the easement that the statute does not arise to the extent that the easement is a reservation out of appellees' grant since that would simply be a granting by appellees of something less than complete title to the land encroached upon. If, however, the acceptance of the deed proposes to establish a covenant for an easement over land to which appellants presently hold title, the Statute of Frauds would apply and appellants' counsel, although having oral au-

thority to bind appellants, could not bind them in a covenant enforceable against appellants, if they chose to deny the authority. The court below then set the matter down for a rehearing for the sole purpose of determining the details of the settlement agreed upon in order that a decree may be drawn in enforcement of the settlement. On April 4, 1957, the final decree was entered in which appellants were required to accept the conveyance of the disputed tract upon the payment of $500.00 subject to the reservation of a right of way across the premises to be conveyed to continue only for so long as the appellees or either of them retain ownership of the premises adjacent to that to be conveyed. From that decree this appeal was taken.

The narrow question raised on this appeal is whether, under the facts herein stated, the Court of Common Pleas has the power to specifically enforce an oral contract for the sale of real estate when the Statute of Frauds is raised as an affirmative defense? While the agreement here attempted to be enforced is in the nature of a compromise or settlement of an action at law, this in no way changes the prime prerequisites. A settlement, like any other agreement to be enforceable must possess all the elements of a valid contract. *Sale v. Ambler*, 335 Pa. 165, 6 A. 2d 519. Furthermore, there is a distinction between an offer of compromise settlement (*Woldow v. Dever*, 374 Pa. 370, 97 A. 2d 777) and a distinct admission of fact (*Liebster v. Lucas*, 82 Pa. Superior Ct. 184.) The former may not be introduced into evidence; the latter may be if no other rule of law prevents it. But here, even if the alleged agreement between the parties may be considered as an admission of fact, the Statute of Frauds raises its shield of immunity and that shield must be pierced with weapons of legal sanction before such statute may be by-passed. The Statute of Frauds is not a mere rule

of evidence, but it is a declaration of public policy. *Holland Furnace Co. v. Keystone Dehydrating Co.*, 151 Pa. Superior Ct. 495, 30 A. 2d 872. It may be said to be a limitation of judicial authority.

The Statute of Frauds, supra, provides, inter alia, that "all . . . interests of freehold . . . made or created by livery and seisin only, or by parol, and not put in writing, and signed by the parties so making or creating the same, or their agents, thereunto lawfully authorized by writing, shall have the force and effect . . . estates at will only, . . .; and moreover, that no . . . estates or interests . . . of freehold . . . shall at any time . . . be assigned, granted or surrendered, unless it be by deed or note, in writing, signed by the party so assigning, granting or surrendering the same, or their agents, thereto lawfully authorized by writing, . . ."

Since the alleged agreement and the authority of the agent making the same for the sale of real estate which is the subject matter of this action was completely oral, we are faced squarely with the Statute of Frauds. And the fact that counsel for appellants made certain agreements with counsel for appellees which he tried to have accepted by his clients would not remove the effective bar of the Statute of Frauds simply because he, acting as an agent for his principals, had no greater authority and could no more bind his principals than the principals themselves without such authority being in writing. The court below, with some justification, attempted to take the case out of the statute by stating that the alleged agreement merely provided for the payment of money in settlement of the ejectment action and such was not within the statute. However, such reasoning completely ignores the fact that this payment was to be made in consideration of the transfer of title to a piece of real estate. While

it is conceded by all that the actual conveyance by appellees to appellants of title to the land encroached upon would be within the statute, but, it is contended, since the appellees are willing to execute the deed, the bar of the statute does not apply. We cannot see how this willingness would take the case out of the operation of the statute. Mere willingness to sign by the grantors does not dispense with actual signing. Both parties are presumed to have known that either might take advantage of the terms of the statute and both had the same right to refuse to perform the alleged oral agreement. *Haskell v. Heathcote et al.,* 363 Pa. 184, 69 A. 2d 71. Furthermore, under the facts of this case, the party to be charged with specific performance were the appellants and not the appellees. To entitle a party to a decree for specific performance, the contract must be mutual and both parties must have the right to compel specific performance. The possibility of perpetrating a fraud could be equally available to a grantor as well as a grantee.

There is another fundamental roadblock to specific performance. The court below applied the statute only to so much of the oral agreement which attempted to create a reservation of an easement in the property previously held by appellants. In order to obviate this difficulty, the decree merely provided for the creation of an easement or right of way only over property of the appellees to be conveyed. This disposition was justified on the ground that this reservation was out of appellees' land and, by so creating the easement, the appellees would be granting something less than complete title to the land encroached upon. This solution, however, is more of an exception rather than a reservation. A reservation is the creation of a right or interest which had no prior existence as such in the thing or part of a thing granted. It is distinguished from

an exception in that it is a new right or interest. However, it is fundamental that an owner of land in fee cannot have an easement over his own property. *Obringer v. Minnotte Bros. Co.*, 352 Pa. 188, 42 A. 2d 413. Such easement to exist must have a dominant and a servient tenement to exist. Furthermore, the alleged agreement provided that the easement to be created was to cover not only the land to be conveyed but also that portion of the driveway already existing upon the lands of the appellants. This agreement was either enforceable in its entirety or not at all. It therefore follows that the court below, in attempting to give effect to only a portion of the agreement, in effect created a new agreement which was not in the contemplation of either party. We do not believe the court below had the power to make a new contract for the parties and then proceed to enforce such contract. We therefore hold that the alleged oral agreement was unenforceable as being within the Statute of Frauds.

The decree of the court below is reversed.