Robert L. EDGELL and David A. Shevock, Plaintiffs,

v.

Anne O'Toole DIVVER and Paul Divver, her husband, George E. O'Toole, Anne O'Toole Page, Mary O'Toole Etchells, Thomas P. Roddy and Mary W. Roddy, and W. Byrd Smith, Defendants.

Court of Chancery of Delaware, Sussex County.

Submitted April 2, 1979.

Decided May 14, 1979.

Larry W. Fifer, of Schmittinger & Rodriguez, P. A., Dover, for plaintiffs.

John A. Sergovic, Jr., of Tunnell & Raysor, Georgetown, for defendants.

HARTNETT, Vice Chancellor.

This action concerns private driveway easements in Dewey Beach, Sussex County. The easements cross the lands of the plaintiffs and give defendants (Divver) access to their adjacent lands. Plaintiffs seek to have this Court extinguish these easements or compel their relocation. Both parties seek summary judgment on the stipulated facts. A review of the record shows that plaintiffs have failed to show any legal basis for extinguishing or changing the location of the easements.

The easements were created by deeds, recorded in 1953 and 1961, which describe the easements with sufficient particularity to enable them to be located with certainty. A plot of the lands showing the location of the easements was recorded in 1967. The easements were all created by predecessors in title to the parties in this action and the plaintiffs acquired title to their lands in 1976 and 1977. At the time these easements were created the lands were primarily used for residential purposes and the Divvers' parcels still maintain this use and character. The lands of the plaintiffs, however, are presently zoned for general commercial use, although they are not presently so used.

## I

■■■ The plaintiffs first contend that the easements have been extinguished as a matter of law by their taking of title to all the parcels upon which the easements are located, thereby effecting a merger of title of the dominant and servient estates. It is elementary, however, that an easement consists of two separate estates: the dominant estate which has the benefit of the easement and to which it is attached, and the servient estate on which the easement is imposed or rests. See 28 C.J.S. *Easements* § 1. The plaintiffs have title to the servient estate, while the Divvers still retain title to the dominant estate. The mere acquisition of title to the entire servient estate by the plaintiffs does not effect a merger of title sufficient to extinguish the easement. Ownership of the dominant and servient estate has remained separate and *no unity of ownership of these interests* which is essential to the termination of an easement by merger has occurred. *Sargent v. Gagne,* Vt.Supr., 121 Vt. 1, 147 A.2d 893, 901 (1958). See also *Obringer v. Minnotte Bros. Co.,* Pa.Supr., 352 Pa. 188, 42 A.2d 413 (1945); 25 Am.Jur.2d, *Easements and Licenses* § 108.

## II

■■■ The plaintiffs next contend that the easements should be extinguished, modified or relocated since the general area in which they are located has changed in character from residential to commercial. They argue that since the purpose for which the easements were originally created no longer exists, there is no reason for continued existence of the easements.

While it is true that the land owned by the plaintiffs and subject to the easements (the servient estate) is now zoned for commercial use, the Divvers' land (the dominant estate) is still used for residential purposes and therefore retains its original character. Since easements exist for the benefit of the dominant estate it is difficult to see the relevance of plaintiffs' arguments. 28 C.J.S. *Easements* § 1. The mere fact that the servient estate has changed in

character is irrelevant to the question of termination of the easements. The primary restriction placed upon the owner of the dominant estate is that the burden created by the easement upon the servient estate cannot be materially increased, nor may new or additional burdens be imposed. *Dennis v. French,* Vt.Supr., 135 Vt. 77, 369 A.2d 1386 (1977). Furthermore, plaintiffs as the owners of the servient estate must exercise their rights with regard to the land in a manner consistent with the existing easement. They may use the premises as they choose, except they may not interfere with the proper and reasonable use by the Divvers of their dominant right. *Taylor v. Heffner,* Pa.Supr., 359 Pa. 157, 58 A.2d 450 (1948).

The easements were expressly granted for use as driveways. Plaintiffs contend that this purpose no longer exists due to the general change in the character of the area and that therefore the easements should be extinguished. It appears from the record, however, that the original purpose for the granting of the easements still exists and its use is apparently consistent with that purpose. Therefore, in the absence of a clear intent to abandon the easements or the termination of their purpose, the easements cannot be extinguished. *Wolfman v. Jablonski,* Del.Ch., 99 A.2d 494 (1953). See *Bringhurst v. O'Donnell,* Del.Ch., 124 A. 795 (1924).

## III

■■■ Lastly, the plaintiffs contend that the easements should be relocated as an alternative to extinguishing them in order to prevent irreparable damage to their use of their land. The Divvers have consistently refused to agree to any relocation of the easements. The question, therefore, is whether the holder of the servient estate can have easements relocated, over the objection of the dominant estate, simply because the location and use have become inconvenient to the use and enjoyment of the servient estate.

The general rule is well established that an easement may not be relocated without

the consent of the owners of both the dominant and servient estates. *Millson v. Laughlin,* Md.App., 217 Md. 576, 142 A.2d 810 (1958); 28 C.J.S. *Easements* § 84. In *Sibbel v. Fitch,* Md.App., 182 Md. 323, 34 A.2d 773 (1943) the Court stated at 34 A.2d p. 774:

> A way once located cannot be changed by either party without the consent of the other. When the right of way has once been exercised in a fixed and definite course, with full acquiescence and consent of both parties, it cannot be changed at the pleasure of either of them.

A brief examination of the deeds and the plot shows that the easements have been described with certainty for many years. The Divvers have consistently refused to agree to a relocation of the easements and, without such agreement, there can be no relocation regardless of the inconvenience to the plaintiffs.

*Smith v. Jackson,* N.C.Supr., 180 N.C. 115, 104 S.E. 169 (1920) is very similar to the present case. In that case a plaintiff had the benefit of an easement over defendant's land. Defendant, believing the easement to be detrimental to his land, fenced off and plowed up the right of way, but first provided plaintiff with a new right of way. In an appeal from the denial of an injunction against defendant's actions, the Supreme Court of North Carolina held that the plaintiff had acquired title to the easement and that the defendant could not deprive him of his easement by providing another outlet, no matter how detrimental the easement was to the defendant's use of his land.

### IV

In conclusion, it is clear that plaintiffs have set forth no valid legal argument in support of their application for the extinguishment or relocation of the driveway easements. There has been no merger of the dominant and servient estates. Neither the changed character of the area nor the burden to the use of the servient estate are sufficient grounds to compel an extinguishment or relocation of a legally created easement.

Therefore, plaintiffs' Motion For Summary Judgment is denied and defendants' Motion For Summary Judgment is granted.

So ordered.