## Canfield v. Ward

*J. R. Bialkowski,* for plaintiff.
*Stephen Jennings,* for defendants.

THOMSON, *J., Specially Presiding,* February 8, 1980—This case comes before us on exceptions to decree nisi entered on August 3, 1979, by former

President Judge Rutherford of this court. The findings excepted to by defendants are now before us for determination.

The matter in question involves the enforceability of an alleged agreement to convey real estate entered into in open court by counsel for the parties with all parties present. It appears that defendants refused to complete such settlement, that an order embodying the terms of the settlement, and to be signed by the court, was never prepared, or signed, because of defendants' refusal to adhere to the terms of the settlement agreement. Thereafter, the instant action was filed, praying for specific performance of the said agreement, which had been entered into to settle a prior action between the parties.

There is really only one issue before us, and that issue is essentially the basis of the various exceptions filed by defendants to Judge Rutherford's decree nisi, namely, the applicability of the Pennsylvania Statute of Frauds, Act of March 21, 1772, 1 Sm.L. 389, 33 P.S. §1. The parties have agreed that the gravamen of this wizened and hoary statute is that an agreement for the sale of real estate is unenforceable unless it is in writing and signed by the parties so it can be charged thereunder. They differ only in their opinions as to whether the statute furnishes a defense to the enforceability of the above-mentioned agreement.

Judge Rutherford found as a fact that the previous action, No. 1 April term, 1976, was settled pursuant to the agreement in question, and that each party duly authorized their attorneys to enter into the said agreement. He further distinguished the case at bar from that of Gogel v. Blazofsky, 187 Pa. Superior Ct. 32, 142 A. 2d 313 (1958), in that here, unlike the Gogel case, which was *continued* at the

request of counsel, stating that a settlement had been made, all the parties appeared in open court with their counsel, who stated the terms of the settlement in the parties' presence, and on the record, and that a memorandum of same would be prepared and presented to the court. We concur fully with Judge Rutherford in this conclusion. In the case of Schuster v. Pa. Turnpike Commission, 395 Pa. 441, 149 A. 2d 447 (1959), Mr. Justice Jones, in speaking for the court, at pp. 450-451 thereof, quoted Mr. Justice Horace Stern in the case of Zlotziver v. Zlotziver, 355 Pa. 299, 49 A. 2d 779 (1946), as follows:

"'The statute of frauds, however, does not absolutely invalidate an oral contract relating to land but is intended merely to guard against perjury on the part of one claiming under the alleged agreement. Accordingly, if the title-holder admits, either in his pleadings or his testimony, that he did in fact enter into the contract, the purpose of the statute of frauds is served and the oral agreement will be enforced by the court.'"

We feel the present situation is analagous in that the silence of defendants while their counsel was putting the said agreement (which was in the main identical to a prior written agreement between the parties) on the record, was certainly a tacit admission of their agreement to same, and of the authority of their counsel to so state. Hence, we feel that the defense of the Statute of Frauds is not available to defendants here.

Therefore, we will issue the following

## ORDER

And now, February 8, 1980, defendants' exceptions to the decree nisi of former President Judge

Rutherford, dated August 3, 1979, are hereby dismissed. The Prothonotary of Wayne County is directed to enter the said decree as a final decree forthwith.