A. PERIN DEVELOPMENT COMPANY, LLC, PLAINTIFF v. TY-PAR REALTY, INC., DEFENDANT

No. COA07-1500

(Filed 21 October 2008)

**1. Declaratory Judgments; Easements— purging easement— no jurisdiction**

The trial court did not have jurisdiction under the Declaratory Judgment Act to purge an easement. Purging an easement is essentially the same as a request to void a conveyance or to nullify a written instrument, which are beyond the scope of the Act.

**2. Easements— unilateral movement—alternative offered**

Under the common law of North Carolina, plaintiff had no right to unilaterally relocate defendant's duly recorded easement, even though it offered an alternative route for defendant to access its property.

Appeal by plaintiff from order entered 27 September 2007 by Judge James E. Hardin, Jr. in Union County Superior Court. Heard in the Court of Appeals 1 May 2008.

*Johnston, Allison & Hord, P.A., by Martin L. White and John C. Lindley, III, for plaintiff-appellant.*

*McNair Law Firm, by Allan W. Singer and Louis G. Spencer for defendant-appellee.*

**A. PERIN DEV. CO., LLC v. TY-PAR REALTY, INC.**

[193 N.C. App. 450 (2008)]

STROUD, Judge.

Plaintiff A. Perin Development Company, LLC, appeals from order entered 27 September 2007 dismissing its complaint for declaratory judgment or to quiet title. We affirm.

## I. Background

The relevant facts are simple and undisputed. Plaintiff and defendant own adjacent tracts of land in Union County, North Carolina. Defendant owns an easement for a right-of-way across plaintiff's land. Defendant's easement was expressly granted by plaintiff's predecessor in title and duly recorded by the Union County Register of Deeds on 31 August 1990. Plaintiff constructed a public road across its property which is graded to a point adjacent to defendant's property; the exhibits in the record indicate the public road ends at a creek bed.

On 8 June 2007, plaintiff filed a complaint for declaratory judgment or alternatively an action to quiet title in Union County Superior Court. The complaint requested that the trial court "purge[] the Easement from the Union County Registry" or alternatively permit plaintiff to relocate the easement to the public road. On 27 September 2007, the trial court dismissed the complaint for failure to state a claim upon which relief may be granted.

## II. Analysis

A. Purging the Easement

[1] We first consider whether the trial court had jurisdiction under the Declaratory Judgment Act to hear and determine an action to "purge" an easement. We conclude that it did not.

"The purpose of the Declaratory Judgment Act [, N.C. Gen. Stat. § 1-253 *et seq.*,] is to settle and afford relief from uncertainty and insecurity, with respect to rights, status, and other legal relations. It is to be liberally construed and administered." *Insurance Co. v. Roberts*, 261 N.C. 285, 287, 134 S.E.2d 654, 657 (1964) (citations, quotation marks and ellipses omitted). Even though the Declaratory Judgment Act ("the Act") is to be liberally administered, jurisdiction under the Act may be invoked "only when the pleadings and evidence disclose the existence of a genuine controversy between the parties to the action, arising out of conflicting contentions as to their respective legal rights and liabilities under a deed, will, contract, statute, ordinance, or franchise." *Id.*, 134 S.E.2d at 656-57. The North Carolina Supreme Court has categorically held that jurisdiction does not exist

under the Act for the purpose of declaring a conveyance void or nullifying a written instrument. *Town of Nags Head v. Tillett*, 314 N.C. 627, 629, 336 S.E.2d 394, 396 (1985) ("[T]he Declaratory Judgment Act is restricted to declaring the rights and liabilities of parties regarding property[;] for the trial court to find that the conveyances are void as a matter of law [is] beyond the scope of the [A]ct.") (Citation, quotation marks and brackets in original omitted.)); *Farthing v. Farthing*, 235 N.C. 634, 635, 70 S.E.2d 664, 665 (1952) ("The Declaratory Judgment Act, G.S. Ch. 1, Art. 26, is designed to provide an expeditious method of procuring a judicial decree construing wills, contracts, and other written instruments and declaring the rights and liabilities of parties thereunder. It is *not a vehicle for the nullification* of such instruments." (Emphasis added.)).

Plaintiff's prayer to the trial court to purge the easement from the Union County registry was in essence the same as a request to void a conveyance or to nullify a written instrument. Therefore, we conclude plaintiff sought relief which was beyond the scope of the Act. Accordingly, the trial court lacked jurisdiction to hear that portion of the complaint and properly dismissed it. *See Shore v. Brown*, 324 N.C. 427, 428, 378 S.E.2d 778, 779 (1989) ("If the correct result has been reached, the judgment will not be disturbed even though the trial court may not have assigned the correct reason for the judgment entered.")

B. Relocating the Easement

**[2]** Defendant cited no cases, and we are aware of none which would limit the jurisdiction of the trial court to hear and enter judgment on a complaint whereby the owner of the servient estate seeks to quiet title with regard to the location of an easement. *See York v. Newman*, 2 N.C. App. 484, 489, 163 S.E.2d 282, 286 ("[T]he complaint filed herein meets the minimum requirements of G.S. 41-10 in that it alleges that the plaintiffs own the described land and that the defendant *claims* an interest therein adverse to them." (Emphasis in original.)), *cert. denied*, 274 N.C. 518 (1968). Here, it is undisputed that plaintiff owned the servient estate and that defendant claimed an interest, an easement, adverse to plaintiff. However, we conclude that even though the trial court had jurisdiction to hear the claim to relocate the easement, plaintiff's claim is meritless.

"Grantees take title to lands subject to duly recorded easements which have been granted by their predecessors in title." *Hensley v. Ramsey*, 283 N.C. 714, 730, 199 S.E.2d 1, 10 (1973) (citation and

quotation marks omitted). Furthermore, once a party has acquired title to the use of an easement, even if by prescription, the owner of the servient estate may "not deprive him of his easement by providing another outlet." *Smith v. Jackson*, 180 N.C. 115, 117, 104 S.E. 169, 170 (1920).

Plaintiff acknowledges that it received its land subject to the duly recorded easement and concedes that under the existing common law of North Carolina it has no right to an order relocating the easement which was duly recorded in the registry of deeds. However, plaintiff urges us to adopt a new rule, citing *MPM Builders, LLC v. Dwyer*, 442 Mass. 87, 809 N.E.2d 1053 (2004), and various cases from other jurisdictions which rejected a common law rule similar to North Carolina's and instead allowed unilateral relocation that was consistent with the purpose of the easement and encouraged development of the servient estate.

However, this Court does not have authority to rely on cases from other jurisdictions and reject the common law of this State which has been set forth by the North Carolina Supreme Court. *Cannon v. Miller*, 313 N.C. 324, 327 S.E.2d 888 (1985) (vacating a decision of this Court which relied on the authority of other jurisdictions to abolish a cause of action recognized by the North Carolina Supreme Court). The law of North Carolina in this case is plain—plaintiff has no right to move defendant's duly recorded easement, even by providing him with an alternative means of access. *Smith*, 180 N.C. at 117, 104 S.E. at 170. The trial court correctly dismissed this portion of plaintiff's complaint for failure to state a claim upon which relief may be granted.

## III. Conclusion

The trial court had no jurisdiction pursuant to the Declaratory Judgment Act to consider plaintiff's request to purge the easement. This claim was properly dismissed by the trial court. Furthermore, under the common law of North Carolina, plaintiff has no right to unilaterally move defendant's duly recorded easement, even though it offered an alternative route for defendant to access its property. Accordingly, we affirm the trial court order dismissing plaintiff's complaint.

Affirmed.

Judges McCULLOUGH and TYSON concur.