BOARD OF ADJUSTMENT OF THE TOWN OF SWANSBORO, IAN SMITH, MARY ELLEN YANICH, LELAND ZIEGLER, ALLEN E. GUIN, WESLEY STANLEY, AND RAYMOND C. FRENCH, JR. v. THE TOWN OF SWANSBORO, A MUNICIPAL CORPORATION, MATTHEW TEACHEY, JOHN D. LICKO, MARK J. ALEXANDER, AND VERNON TAYLOR (IN THEIR OFFICIAL CAPACITIES AS THE PURPORTED MEMBERS OF THE BOARD OF ADJUSTMENT OF THE TOWN OF SWANSBORO), JOAN DEATON, LESLIE W. EDMONDS, JR., GEORGE W. KIETZMAN, AND PAUL W. EDGERTON (IN THEIR OFFICIAL CAPACITIES AS THE BOARD OF COMMISSIONERS OF THE TOWN OF SWANSBORO), AND WILLIAM E. RUSSELL, IN HIS OFFICIAL CAPACITY AS MAYOR OF THE TOWN OF SWANSBORO

No. 16A93

(Filed 30 July 1993)

**Municipal Corporations § 154 (NCI4th)— board of adjustment— abolition of old board and creation of new—power of board of commissioners**

A town board of commissioners has the authority to abolish a board of adjustment and to thereafter create a new board of adjustment and make appointments thereto. The fact that defendants' action had the effect of shortening the terms of some of the old board members is not dispositive. Statutes dealing with the same subject matter must be construed *in*

*pari materia* and harmonized, if possible, to give effect to each. Construing N.C.G.S. § 160A-388(a) and N.C.G.S. § 160A-146 together, if the board of commissioners creates a separate board of adjustment, then it must consist of at least five appointees, each for three year terms, and those terms may not be reduced by the board of commissioners as long as that board of adjustment is in existence. However, the prohibition against the reduction in the length of the terms of the members of the existing board of adjustment does not diminish the authority of the board of commissioners to abolish the board of adjustment. The board of commissioners cannot abolish and reestablish the board of adjustment at its whim; any such actions would require amendments to the zoning ordinance, as was carried out in this case, following newspaper publication of notice of public hearing, the holding of a public hearing, and the subsequent adoption of an amendment.

**Am Jur 2d, Municipal Corporations, Counties and Other Political Subdivisions §§ 140 et seq.**

Appeal by plaintiffs pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 108 N.C. App. 198, 423 S.E.2d 498 (1992), affirming a judgment granting defendants' motion for summary judgment entered by Trawick, J., at the 29 April 1991 Civil Session of Superior Court, Onslow County. Heard in the Supreme Court 13 May 1993.

*Jeffrey S. Miller for plaintiff-appellants.*

*Richard L. Stanley for defendant-appellees.*

MEYER, Justice.

The issue that we must resolve in this case is whether the power of a town's board of commissioners to organize city government pursuant to N.C.G.S. § 160A-146 includes the power to abolish a board of adjustment, appointed and created pursuant to N.C.G.S. § 160A-388, and to thereafter create a new board of adjustment and make appointments thereto. We conclude that the Court of Appeals was correct in affirming the trial court's granting of defendants' motion for summary judgment and hold that a town Board of Commissioners has such authority.

The facts pertinent to this appeal are as follows. On 20 September 1985, the Board of Commissioners of the Town of Swansboro, North Carolina, enacted Section 9-2-16 of its Code of Ordinances, which provided, among other things, that:

> The Swansboro Board of Commissioners shall provide for the appointment of the Board of Adjustment consisting of five (5) members who must be bonafide [sic] residents of The Town of Swansboro and two (2) members who reside outside The Town of Swansboro and are bonafide [sic] residents of the area of zoning jurisdiction as stated in Sec. 9-2-4 herein. Insofar as possible, members shall be appointed from different areas within the zoning jurisdiction. Initial appointments shall be for staggered terms with subsequent appointments being for three (3) years.

On 8 June 1989, plaintiffs Ian Smith and Mary Ellen Yanich were appointed to the Swansboro Board of Adjustment for three-year terms. On 9 November 1989, plaintiff Leland Ziegler was appointed to the Board of Adjustment for a three-year term.

On 14 December 1989, at a meeting of the Board of Commissioners, defendant Mayor William E. Russell presented a proposed change to Section 9-2-16 regarding the appointments and terms of the members of the Board of Adjustment. On 27 December 1989 and again on 3 January 1990, the Board of Commissioners published the following notice in a local newspaper:

PUBLIC HEARING NOTICE

> The Board of Commissioners of the Town of Swansboro will hold a public hearing on Thursday[,] January 11, 1990 at 6:30 p.m. to give parties of interest an opportunity to be heard on the proposed ordinance amendment regarding length of appointment terms, etc. for the Board of Adjustment.
>
>                                   Town Administrator

At the public hearing, the Board of Commissioners voted to readvertise notice of the public hearing in order to inform the public that one of the purposes of the proposed amendment was to abolish the Board of Adjustment. On 17 January and again on 24 January 1990, the Board of Commissioners published the following notice:

PUBLIC HEARING
TOWN OF SWANSBORO

The Board of Commissioners of the Town of Swansboro will hold a public hearing on Thursday, January 25, 1990 at 7:00 p.m. to give parties of interest an opportunity to be heard on the changes to the Town of Swansboro Zoning Ordinance, in respect to abolishing the Board of Adjustment. A copy of the proposed change is on file with the Town Clerk's Office. Additional amendments may be presented and changes made prior to adoption.

Town Administrator

At the 25 January 1990 public hearing, the Board of Commissioners adopted an amendment to Section 9-2-16, which provides as follows:

Section 1

Section 9-2-16(a) of the Zoning Ordinance of the Town of Swansboro is hereby repealed and the Board of Adjustment established therein is abolished.

Section 2

Section 9-2-16(a) of the Zoning Ordinance of the Town of Swansboro is hereby adopted to read as follows:

Sec. 9-2-16 The Board of Adjustment.

(a) The Swansboro Board of Commissioners shall provide for the appointment of the Board of Adjustment consisting of five (5) members and two (2) alternate members who must be bonafide [sic] residents of the Town of Swansboro and two (2) members and one (1) alternate member who reside outside the Town of Swansboro and are bonafide [sic] residents of the area of the zoning jurisdiction as stated in Sec. 9-2-4 herein. Insofar as possible, members shall be appointed from different areas within the zoning jurisdiction. Members of the Town governing body, Mayor and Commissioners, are not eligible to serve on the Board of Adjustment while serving on the governing body or for a period of one (1) year after service on the governing body is terminated. All appointments to the Board of Adjustment shall be for three (3) years. However,

to allow for staggered terms, three (3) initial appointments of in-town members will be for periods of two (2) years. All other appointments will be for three (3) year terms. Previous Board of Adjustment members who are eligible under the criteria established by this section may be considered for appointment to the Board of Adjustment. An appointee to the Board of Adjustment may serve no more than two (2) consecutive terms, provided however, that if an appointee has served more than half of any term, the appointee shall be considered to have served the full three (3) year term on the Board of Adjustment.

At the 8 February 1990 regular meeting of the Board of Commissioners, appointments were made to the new Board of Adjustment. None of the members of the old Board were appointed. Plaintiffs Yanich and Ziegler, as former members of the City Council, were ineligible for appointment to the new Board pursuant to the changes effected by the amendment to Section 9-2-16. On 21 March and 28 March 1990, the Board of Commissioners readvertised notice of public hearing and held a public hearing on 3 April 1990 to once again consider the proposed amendment to Section 9-2-16. Following the hearing, the Board of Commissioners adopted Section 9-2-16 in the same form as that adopted at the 25 January 1990 public hearing, the amendment to become effective after 16 April 1990.

On 26 April 1990, the trial court denied plaintiffs' motion for a preliminary injunction. On 20 August 1990, plaintiffs filed a motion for summary judgment. On 30 August 1990, defendants filed a motion for summary judgment. On 1 May 1991, the trial court granted defendants' motion for summary judgment. Following an appeal by plaintiffs, the Court of Appeals affirmed the trial court's granting of defendants' motion for summary judgment, with one judge dissenting. *Bd. of Adjmt. of the Town of Swansboro v. Town of Swansboro*, 108 N.C. App. 198, 423 S.E.2d 498 (1992).

Plaintiffs contend that defendants shortened the three-year terms of Smith, Yanich, and Ziegler and therefore violated N.C.G.S. § 160A-388(a). Plaintiffs argue that N.C.G.S. § 160A-388(a) mandates that all Board of Adjustment members serve for three years. We disagree.

N.C.G.S. § 160A-388(a) provides in pertinent part:

The city council may provide for the appointment and compensation of a board of adjustment consisting of five or more members, each to be appointed for three years.

N.C.G.S. § 160A-388(a) (Supp. 1992). Subsection (a) expressly provides that "the city council *may* provide for the appointment and compensation of a board of adjustment." (Emphasis added.) Whether to appoint a board of adjustment is left to the discretion of the city council. "Essentially the governing body has three options: (a) provide no agency of this type; (b) designate another 'planning agency' to perform the duties of a Board of Adjustment; or (c) create a Board of Adjustment." Michael B. Brough & Philip P. Green, Jr., *The Zoning Board of Adjustment in North Carolina* 33 (2d ed. 1984).

N.C.G.S. § 160A-146 grants to city councils the right to organize city government and provides:

The council may create, change, abolish, and consolidate offices, positions, departments, boards, commissions, and agencies of the city government and generally organize and reorganize the city government in order to promote the orderly and efficient administration of city affairs, subject to the following limitations:

(1) The council may not abolish any office, position, department, board, commission, or agency established and required by law;

(2) The council may not combine offices or confer certain duties on the same officer when such action is specifically forbidden by law;

(3) The council may not discontinue or assign elsewhere any functions or duties assigned by law to a particular office, position, department, or agency.

N.C.G.S. § 160A-146 (1987). This statute empowers the city council (here, called the Board of Commissioners) to create and abolish boards that are not established and required by law. As we have previously noted, the establishment of a board of adjustment is not required by law, and therefore, pursuant to N.C.G.S. § 160A-146, the Board of Commissioners has the authority to abolish a board of adjustment.

**BD. OF ADJMT. OF THE TOWN OF SWANSBORO v. TOWN OF SWANSBORO**

[334 N.C. 421 (1993)]

We agree with the Court of Appeals' conclusion that "[t]he fact that defendants' action had the effect of shortening the terms of some of the old Board members is not dispositive." *Bd. of Adjmt.*, 108 N.C. App. at 205, 423 S.E.2d at 502. Statutes dealing with the same subject matter must be construed *in pari materia* and harmonized, if possible, to give effect to each. *Jackson v. Guilford County Board of Adjustment*, 275 N.C. 155, 167, 166 S.E.2d 78, 86 (1969). In the case *sub judice*, construing N.C.G.S. § 160A-388(a) and N.C.G.S. § 160A-146 together, if the Board of Commissioners creates a separate Board of Adjustment, then it must consist of at least five appointees, each for three-year terms. Such terms may not be reduced by the Board of Commissioners as long as that Board of Adjustment is in existence. However, the prohibition contained in N.C.G.S. § 160A-388(a) against the reduction of the length of the terms of the members of the existing Board of Adjustment does not diminish the authority of the Board of Commissioners to abolish the Board of Adjustment pursuant to N.C.G.S. § 160A-146.

Contrary to plaintiffs' assertions, the Board of Commissioners could not abolish and reestablish a Board of Adjustment and appoint and reappoint at its whim. Any such actions would require amendments to the zoning ordinance, as carried out by the Town of Swansboro in this case, following newspaper publication of notice of the public hearing, the holding of a public hearing, and the subsequent adoption of an amendment. The public hearings ensure accountability to the public with regard to any such action by the Board of Commissioners. The Board of Commissioners of the Town of Swansboro conducted the required public hearings after proper notice to the public from November 1989 through April 1990. We affirm the decision of the Court of Appeals.

AFFIRMED.