JAMES S. RHEW, Plaintiff-Appellant v. LUETTA FELTON, Defendant-Appellee

No. COA05-402

(Filed 18 July 2006)

**1. Divorce— alimony—remand—reliance on original findings—changed circumstances in intervening period**

The trial court was within its discretion in relying on the original evidence on remand of an alimony case where the remand was for insufficient findings, with the evidence being held sufficient. However, the trial court exceeded its mandate on remand by awarding a lump sum for the interval without considering evidence of possible changes in circumstances during that time.

**2. Divorce— alimony—remand—delay—new evidence**

The delay between an initial alimony award and a rehearing after remand was not controlled by *Wall v. Wall*, 140 N.C. App. 303, (which held that a delay was not de minimis and required new evidence). This case involved alimony rather

than equitable distribution, and the delay here resulted from an appeal and remand.

### 3. Divorce— alimony—supporting spouse—evidence and findings—sufficiency

The evidence and findings in an alimony case supported the trial court's determination that plaintiff is a supporting spouse and defendant a dependent spouse.

### 4. Divorce— alimony—remand—original evidence—changed circumstances meanwhile

The trial court did not abuse its discretion in determining alimony on remand based solely on evidence from the original 1998 hearing. However, the trial court on remand will redetermine the amount of the award and plaintiff's ability to pay if it finds a substantial change of circumstances.

### 5. Divorce— alimony—contempt

A finding of contempt for not paying a lump sum alimony award was vacated where the award itself was vacated.

### 6. Costs; Divorce— alimony—attorney fees

The unchallenged findings were sufficient to support an award of attorney fees in an alimony case. There was no abuse of discretion in the amount awarded.

### 7. Divorce— alimony—retirement account—execution

The trial court in an alimony action did not err by denying plaintiff's motion to exempt his retirement account from execution. N.C.G.S. § 1C-1601(e)(9) clearly provides that the exemption for retirement accounts does not apply to claims for alimony. The question of whether the account was exempt from execution pursuant to 29 U.S.C. § 1056(d)(1) (2005) was premature, as the statute involves assignments, which has not happened here.

### 8. Evidence— offer of proof—court not required to receive personally

No binding authority was found which would require a trial court to personally take an offer of proof, and there was no prejudice in this case from the court's failure to personally take plaintiff's offer of proof where the trial court allowed plaintiff to introduce excluded evidence into the record.

**9. Divorce— alimony—judicial notice of equitable distribution order**

The trial court did not err by failing to take judicial notice of an equitable distribution order before entering its alimony order on remand. N.C.G.S. § 50-20(f) has no application because there was no existing alimony order to modify until after the effective date of the order issued on remand.

Appeal by plaintiff from amended order entered 15 January 2004, *nunc pro tunc* 26 February 2003, and orders entered 7 July 2004 by Judge Paul Gessner in District Court, Wake County. Heard in the Court of Appeals 9 January 2006.

*Manning, Fulton & Skinner, P.A., by Michael S. Harrell, for plaintiff-appellant.*

*Wyrick Robbins Yates & Ponton, LLP, by K. Edward Greene and Heidi C. Bloom, for defendant-appellee.*

McGEE, Judge.

James S. Rhew (plaintiff) and Luetta Felton (defendant) were married on 25 November 1966 and separated on 1 October 1995. Plaintiff filed a complaint for absolute divorce and equitable distribution on 13 August 1997. Defendant answered and counterclaimed for equitable distribution, postseparation support, alimony, attorney's fees, and resumption of maiden name on 27 October 1997. The parties were divorced on 31 October 1997. The trial court held a hearing on defendant's claims for alimony and attorney's fees on 13 May 1998, and denied these claims in an order entered 6 October 1998.

Defendant appealed the order of the trial court to this Court. In an opinion filed 20 June 2000, we held that the evidence introduced at the 13 May 1998 hearing

was sufficient to enable the trial court to consider the relevant factors and make specific findings of fact required by N.C. Gen. Stat. § 50-16.3A. However, the actual findings of fact made by the trial court . . . are insufficiently detailed or specific. Other than the parties' contributions to retirement and stock, the trial court made no findings regarding the parties' standard of living during the marriage, and beyond a finding that "defendant . . . has had minimal expenses," the trial court made no findings regarding the parties' respective living expenses since the separation.

*Rhew v. Rhew*, 138 N.C. App. 467, 472, 531 S.E.2d 471, 474 (2000) (*Rhew I*). Therefore, our Court "vacate[d] the order and remand[ed] this case to the [trial] court for a redetermination of defendant's dependency and entry of judgment containing findings of fact sufficiently specific to show that the [trial] court properly considered the statutory requirements." *Id.* at 472, 531 S.E.2d at 475. Our Court further stated that "[o]n remand, the [trial] court in its discretion may receive additional evidence or enter a new order on the basis of evidence already received." *Id.*

Defendant filed a notice of hearing, signed 11 February 2003, which provided that "on February 18, 2003 at 9:00 a.m., or as soon thereafter as the Court can hear this matter, the undersigned will bring on the following for hearing: Pretrial Conference." Defendant filed this notice of hearing nearly two years and eight months after *Rhew I* had been filed. The trial court conducted the alimony hearing on remand on 26 February 2003. At the hearing, plaintiff argued that he should be permitted to introduce evidence regarding events which had occurred since the 13 May 1998 hearing. Plaintiff argued that, as a result of a change in circumstances since May 1998, he no longer had the ability to pay alimony. The trial court elected not to receive additional evidence and proceeded solely upon the evidence presented at the original 13 May 1998 hearing. Plaintiff sought to make an offer of proof regarding the excluded evidence and requested that the trial court personally observe the presentation of his offer of proof. The trial court allowed plaintiff to make his offer of proof, but denied the request that the judge be present during the offer of proof. Instead, the trial court allowed plaintiff to make a tape recording of his offer in the presence of a courtroom clerk.

The trial court entered an order on 30 July 2003, *nunc pro tunc* 26 February 2003 (the 30 July 2003 alimony order), in which the trial court made extensive findings of fact and concluded that plaintiff was a supporting spouse and that defendant was a dependent spouse entitled to alimony. The trial court ordered plaintiff to pay $1,200.00 per month in alimony starting 1 June 2003 and continuing until either: (1) the death of plaintiff, (2) the death of defendant, (3) the remarriage of defendant, or (4) the cohabitation of defendant, whichever event first occurred. The trial court also ordered plaintiff to pay defendant $79,200.00 plus interest, being past due alimony for the period from 1 November 1997 through 1 May 2003.

Plaintiff filed a Rule 59 motion for new trial or to alter or amend the 30 July 2003 alimony order, on 11 August 2003. Plaintiff also filed

a motion in the cause to modify the 30 July 2003 alimony order on 12 September 2003. In an order filed 15 January 2004, the trial court denied plaintiff's Rule 59 motion in its entirety, except the trial court ordered that a sentence in paragraph two of the ordering clause of the alimony order be struck and deleted. The trial court entered an amended alimony order, with this minor change, on 15 January 2004, *nunc pro tunc* 26 February 2003. The amended alimony order was in all other respects the same as the original 30 July 2003 alimony order. The trial court never ruled upon plaintiff's motion in the cause to modify the 30 July 2003 alimony order.

Plaintiff filed a motion for stay pending appeal on 16 February 2004. Defendant filed a motion signed 25 February 2004 requesting that the trial court require plaintiff "to appear and show cause why [plaintiff] should not be held in contempt for not complying with . . . prior orders of [the trial] court dated July 30, 2003 and January 15, 2004." The trial court entered an order to show cause on 4 March 2004. Plaintiff filed a motion to claim exempt property on 29 March 2004, seeking to exempt his clothing, vehicle, computer and IBM retirement account from execution by defendant under the alimony order. Defendant also filed a motion for attorney's fees. The trial court held a hearing on all four motions on 6 April 2004.

The trial court entered the following orders on 7 July 2004: (1) an order holding plaintiff in contempt for failing to make alimony payments pursuant to the amended order; (2) an order denying plaintiff's motion to stay and motion for exempt property; and (3) an order awarding defendant $15,000.00 in attorney's fees. Plaintiff appeals from these three orders and the amended alimony order entered 15 January 2004, *nunc pro tunc* 26 February 2003.

I.

**[1]** Plaintiff argues the trial court abused its discretion by failing to consider plaintiff's proffered evidence regarding changed circumstances during the period between the 13 May 1998 hearing and the hearing on remand in February 2003. We find the trial court did not abuse its discretion by relying solely upon the May 1998 evidence in making its determinations regarding entitlement and amount of alimony. However, we find the trial court abused its discretion by not considering alleged changes of circumstances occurring after May 1998, before entering a lump sum retroactive alimony award.

Our Court reviews a trial court's decision regarding the manner of payment of an alimony award for abuse of discretion. *Whitesell v.*

*Whitesell*, 59 N.C. App. 552, 553, 297 S.E.2d 172, 173 (1982), *disc. review denied*, 307 N.C. 583, 299 S.E.2d 653 (1983).

Our Supreme Court has held that "[u]pon appeal our mandate is binding upon [the trial court] and must be strictly followed without variation or departure. No judgment other than that directed or permitted by the appellate court may be entered." *D & W, Inc. v. Charlotte*, 268 N.C. 720, 722, 152 S.E.2d 199, 202 (1966).

In *Rhew I*, our Court directed the trial court to (1) make a new determination of defendant's dependency and (2) enter a judgment with specific findings of fact on the relevant statutory criteria, including the parties' standard of living during marriage and the parties' living expenses since separation. *Rhew*, 138 N.C. App. at 472, 531 S.E.2d at 474-75. Because our Court held that the evidence that had been introduced at the May 1998 alimony hearing was sufficient to have enabled the trial court to make the required findings, it was reasonable and appropriate on remand for the trial court to rely solely upon that evidence. *See Rhew*, 138 N.C. App. at 472, 531 S.E.2d at 474. As we discuss in sections III and IV of this opinion, on remand the trial court made sufficient findings to support its determinations that plaintiff was a supporting spouse, and defendant was a dependent spouse who was entitled to $1,200.00 per month in alimony. However, the trial court exceeded our Court's mandate on remand by entering a lump sum award for the period from 1 November 1997 until 1 May 2003 without considering possible changes of circumstances during that period of time.

Plaintiff argues in his motion in the cause to modify the 30 July 2003 alimony order, and on appeal, that the following three events, *inter alia*, which occurred between the 13 May 1998 hearing and the 26 February 2003 hearing on remand, are substantial changes of circumstances warranting a modification of the alimony award under N.C. Gen. Stat. § 50-16.9(a): (1) resolution of defendant's claim for equitable distribution, (2) decrease in value of assets acquired by plaintiff in the equitable distribution settlement, and (3) plaintiff's unemployment.

The trial court stated its reasons for denying plaintiff the opportunity to present new evidence on remand as follows:

> My look on this and the cleanest thing, in light of the case law—the cleanest way to do this is to go back to 1998, clean up or straighten up what the Court of Appeals said the

mistakes that were made—or the errors in law that were made from 1998.

And just as we had suggested in court the other day, if [defendant's counsel] doesn't like it because I didn't order alimony or I order alimony and it's not enough, he can file an appropriate motion. Or if [plaintiff] doesn't like it and—for whatever reason, [plaintiff] can file the appropriate motion in the cause and move it along that way. That was my understanding the other day, and I think that is the cleanest way to do it.

The trial court further stated that if it allowed the introduction of new evidence on remand, it would be "redoing the alimony trial and hearing motions to modify at the same time," which would result in confusion. The trial court therefore decided to proceed in stages, first deciding entitlement and amount of alimony, and then considering any motions to modify the alimony award.

The procedure envisioned by the trial court would have been proper had the trial court simply made its initial determinations that plaintiff was a supporting spouse and defendant was a dependent spouse, who was entitled to $1,200.00 per month in alimony, and then considered motions in the cause alleging a change of circumstances. However, the trial court failed to follow its own procedure when it awarded a lump sum payment, without considering a change of circumstances.

Because the trial court abused its discretion by failing to consider plaintiff's evidence regarding changed circumstances, we must vacate the lump sum award and remand the matter to the trial court to allow presentation of evidence of a substantial change of circumstances between the time of the 13 May 1998 hearing and the hearing on remand in February 2003. On remand of this appeal, the trial court shall redetermine the amount of alimony, and plaintiff's ability to pay, at each point in time that plaintiff carries his burden of proving a substantial change of circumstances. The trial court shall then enter an appropriate award. If the trial court finds there has not been a substantial change of circumstances, the trial court should enter an award of alimony based upon the monthly award of $1,200.00. The trial court should also consider any motions for modification for the period from the 26 February 2003 hearing until the time this case is heard on remand.

We recognize this is an unusual procedure based upon the unique facts of this case; however, in the interest of justice, we are con-

strained to allow plaintiff to present evidence of changed circumstances through a motion for modification. *See Barham v. Barham,* 127 N.C. App. 20, 27, 487 S.E.2d 774, 778 (1997), *aff'd per curiam,* 347 N.C. 570, 494 S.E.2d 763 (1998) (recognizing that fairness to the parties is the overriding principle in cases determining whether an alimony award was proper). The trial court's alimony award became effective on 26 February 2003. However, the trial court's order awarded alimony back to 1 November 1997. If, on remand from this appeal, plaintiff were not afforded the chance to present new evidence of changed circumstances, plaintiff would be deprived of the statutory right to move for a modification of alimony based upon a change of circumstances for the five-year period from 1998 to 2003. *See* N.C. Gen. Stat. § 50-16.9 (2005). We further note that, during the five-year period from 1998 to 2003, plaintiff could reasonably have concluded that he would not ultimately be liable for alimony because of the trial court's 1998 ruling which denied defendant's alimony claim. For the reasons stated above, we vacate the lump sum award and remand for proceedings consistent with this opinion.

## II.

**[2]** Plaintiff also argues the trial court violated his state and federal constitutional rights to due process by failing to consider his evidence regarding changed circumstances. In support of his argument, plaintiff cites *Wall v. Wall,* 140 N.C. App. 303, 536 S.E.2d 647 (2000). In *Wall,* our Court held, on the facts of that case, that a nineteen-month delay between the equitable distribution hearing and the disposition was more than a *de minimis* delay, and required the trial court to hear new evidence on remand and enter a new distribution order. *Id.* at 314, 536 S.E.2d at 654. However, *Wall* is clearly distinguishable from the present case. First, *Wall* dealt with an equitable distribution award, while the present case involves alimony. *See Id.* Second, while the challenged delay in *Wall* occurred between the date of the hearing and the date of the trial court's entry of judgment, the delay in the present case resulted from an appeal of the 1998 order and remand for a new hearing. *See Id.* We overrule this assignment of error.

## III.

**[3]** Plaintiff argues the trial court erred by finding and concluding that plaintiff was a supporting spouse and defendant was a dependent spouse because the trial court, on remand, did not consider evidence of changed circumstances as of the February 2003 hearing. In deter-

mining an award of alimony, a trial court engages in a two-part inquiry. *Barrett v. Barrett*, 140 N.C. App. 369, 371, 536 S.E.2d 642, 644 (2000). N.C. Gen. Stat. § 50-16.3A(a) (2005) provides that a trial court "shall award alimony to the dependent spouse upon a finding that one spouse is a dependent spouse, that the other spouse is a supporting spouse, and that an award of alimony is equitable after considering all relevant factors[.]" Once a trial court determines a dependent spouse is entitled to alimony, the trial court determines the amount of the alimony award. N.C. Gen. Stat. § 50-16.3A(b) (2005).

A trial court's determination of entitlement to alimony is reviewed *de novo*. *Barrett*, 140 N.C. App. at 371, 536 S.E.2d at 644. Pursuant to N.C. Gen. Stat. § 50-16.1A(5) (2005), a supporting spouse is "a spouse, whether husband or wife, upon whom the other spouse is actually substantially dependent for maintenance and support or from whom such spouse is substantially in need of maintenance and support." "A surplus of income over expenses is sufficient in and of itself to warrant a supporting spouse classification." *Barrett*, 140 N.C. App. at 373, 536 S.E.2d at 645. A dependent spouse is "a spouse, whether husband or wife, who is actually substantially dependent upon the other spouse for his or her maintenance and support or is substantially in need of maintenance and support from the other spouse." N.C. Gen. Stat. § 50-16.1A(2) (2005). A deficit between a spouse's income and expenses supports a trial court's classification of that spouse as dependent. *Barrett*, 140 N.C. App. at 372, 536 S.E.2d at 645. In *Barrett*, our Court further held that

> the trial court's order reflects that it considered other factors in addition to just [the] plaintiff's income-expenses deficit. Specifically, the trial court considered the marital standard of living, [the] plaintiff's relative earning capacity, and even her separate estate . . . . We hold that the evidence and findings support the trial court's classification of [the] plaintiff as a dependent spouse.

*Id.* at 372, 536 S.E.2d at 645.

In the present case, as discussed previously, the trial court did not abuse its discretion by relying solely upon the May 1998 evidence in making its determination regarding defendant's entitlement to alimony. The trial court found that plaintiff had a net monthly income of approximately $5,400.00 and reasonable monthly expenses in the amount of $4,200.00, yielding a surplus of $1,200.00. The trial court further found that defendant had a net monthly income of approxi-

mately $2,400.00 and reasonable monthly expenses in the amount of $3,800.00. Therefore, defendant's reasonable needs exceeded her income by approximately $1,400.00. In accordance with our Court's mandate in *Rhew I*, the trial court made findings regarding the parties' living expenses after separation and made the following findings of fact regarding the standard of living of the parties during their marriage:

> 22. During the marriage, the parties traveled frequently and took several major vacations, including trips to Canada, New Orleans, Hawaii and Cancun. In addition, the parties owned a boat that they used regularly. The parties attended church and made regular contributions to their church. . . . Plaintiff played golf regularly and . . . Defendant enjoyed arts, crafts and making jewelry. The parties went out every Friday evening, and often went dancing. They went out to lunch every Sunday and saw movies several times a month. They saw friends every weekend and regularly entertained in their home. Occasionally, the parties engaged the services of a housekeeper.

> 23. Throughout the marriage, the parties set aside significant portions of their income for savings and retirement. They each invested approximately ten percent (10%) of their incomes in stock and participated in IBM deferred savings plans to the maximum amount allowed.

Plaintiff did not assign error to these findings of fact and we therefore treat them as supported by competent evidence. *See Fitzgerald v. Fitzgerald*, 161 N.C. App. 414, 421, 588 S.E.2d 517, 522 (2003). Accordingly, we hold that the evidence and the findings support the trial court's determination that plaintiff is a supporting spouse and defendant is a dependent spouse. *See Barrett*, 140 N.C. App. at 372-73, 536 S.E.2d at 645.

IV.

[4] Plaintiff also argues the trial court erred by failing to make findings of fact to support the duration and manner of payment of the alimony award. In essence, plaintiff argues the trial court should have determined plaintiff's ability to pay the alimony award based on new evidence as of the February 2003 hearing, rather than on the basis of the evidence introduced at the 13 May 1998 hearing. Pursuant to N.C. Gen. Stat. § 50-16.3A(c) (2005), a trial court must set forth the reasons for the amount, duration, and manner of payment of an alimony award. A supporting spouse's ability to pay an alimony award is

generally determined by the supporting spouse's income at the time of the award. *Quick v. Quick*, 305 N.C. 446, 453, 290 S.E.2d 653, 658 (1982). Decisions regarding the amount of an alimony award are left to the sound discretion of the trial court. *Barrett*, 140 N.C. App. at 371, 536 S.E.2d at 644.

In the present case, the trial court did not abuse its discretion by determining the amount of alimony to which defendant was entitled solely on the basis of the May 1998 evidence. The trial court found that plaintiff's income exceeded his expenses by $1,200.00 and that defendant's needs exceeded her income by $1,400.00. Therefore, the trial court did not abuse its discretion by determining plaintiff was able to pay $1,200.00 per month in alimony as of 1 November 1997. Pursuant to the procedure set forth in section I of this opinion, the trial court will redetermine the amount of the award and plaintiff's ability to pay alimony if it finds that plaintiff proves a substantial change of circumstances.

V.

[5] Plaintiff also argues the trial court erred by holding plaintiff in contempt for failing to pay the lump sum alimony award. Because we vacate the lump sum alimony award, we vacate the order finding plaintiff in contempt. *See Bridges v. Bridges*, 29 N.C. App. 209, 212, 223 S.E.2d 845, 847 (1976) (holding that "[a]n invalid judgment or order may not be the basis of a proceeding in contempt.").

VI.

[6] Plaintiff argues the trial court erred by awarding attorney's fees to defendant. We disagree. "A spouse is entitled to attorney's fees if that spouse is (1) the dependent spouse, (2) entitled to the underlying relief demanded (e.g., alimony and/or child support), and (3) without sufficient means to defray the costs of litigation." *Barrett*, 140 N.C. App. at 374, 536 S.E.2d at 646; *see also* N.C. Gen. Stat. § 50-16.4 (2005). We review a trial court's determination regarding entitlement to attorney's fees *de novo*. *Barrett*, 140 N.C. App. at 374, 536 S.E.2d at 646.

In the present case, we uphold the trial court's determination that defendant was a dependent spouse who was entitled to alimony. Therefore, defendant was entitled to attorney's fees if she was without sufficient means to defray the costs of litigation. In making this determination, a trial court should generally rely on the dependent spouse's disposable income and estate. *Barrett*, 140 N.C. App. at 374, 536 S.E.2d at 646. In the present case, the trial court found that

"[d]efendant has borrowed substantial monies from her family members to pay her legal expenses; she has limited funds in her bank and savings accounts; and she was forced to sell her home and therefore owns no real property." The trial court also found that "[d]efendant [was] without sufficient means whereon to subsist during the prosecution of this action and to defray the necessary expenses of this action." We hold these unchallenged findings were sufficient to support defendant's entitlement to attorney's fees.

Once it is determined that a dependent spouse is entitled to an award of attorney's fees, we next determine whether the amount of the award was proper. *Barrett*, 140 N.C. App. at 375, 536 S.E.2d at 647. "The amount awarded will not be overturned on appeal absent an abuse of discretion." *Id.* An order awarding attorney's fees "must contain findings as to the basis of the award, including the nature and scope of the legal services, the skill and time required, and the relationship between the fees customary in such a case and those requested." *Holder v. Holder*, 87 N.C. App. 578, 584, 361 S.E.2d 891, 894 (1987). In the present case, defendant's attorneys submitted affidavits for attorney's fees and detailed records of the time expended on defendant's case. The trial court found that

> [d]efendant accrued attorney's fees to Tharrington Smith up through the summer of 2001 in the amount of approximately $26,000.00 and to Wyrick, Robbins, Yates & Ponton in the amount of $35,000.00 In view of the complexity of the issues and the duration of this case, the [Trial] Court finds that these fees are reasonable based upon the skills required and services rendered in this case.

The trial court ordered plaintiff to pay defendant $15,000.00 in attorney's fees. We hold the trial court did not abuse its discretion by ordering plaintiff to pay a portion of defendant's attorney's fees.

## VII.

[7] Plaintiff next argues that pursuant to state and federal law, the trial court erred by denying plaintiff's motion to exempt his IBM retirement from execution by defendant. Pursuant to N.C. Gen. Stat. § 1C-1601(a)(9) (2005):

> Each individual, resident of this State, who is a debtor is entitled to retain free of the enforcement of the claims of creditors:
>
> > (9) Individual retirement plans as defined in the Internal Revenue Code and any plan treated in the same manner

as an individual retirement plan under the Internal Revenue Code[.]

However, N.C. Gen. Stat. § 1C-1601(e)(9) (2005) provides:

The exemptions provided in this Article are inapplicable to claims:

(9) For child support, *alimony* or distributive award order pursuant to Chapter 50 of the General Statutes[.]

(emphasis added).

In the present case, plaintiff sought to exempt his retirement account from defendant's execution under the alimony order. N.C.G.S. § 1C-1601(e)(9) clearly provides that the exemption for retirement accounts does not apply to claims for alimony. Therefore, the trial court did not err in denying plaintiff's motion on this ground.

Plaintiff also argues his retirement account was exempt from execution pursuant to 29 U.S.C. § 1056(d)(1) (2005), which provides: "Each pension plan shall provide that benefits provided under the plan may not be assigned or alienated." 29 U.S.C. § 1056(d)(3)(A) (2005) includes an exception to this rule:

Paragraph (1) shall apply to the creation, assignment, or recognition of a right to any benefit payable with respect to a participant pursuant to a domestic relations order, *except that paragraph (1) shall not apply if the order is determined to be a qualified domestic relations order.*

(emphasis added). Plaintiff argues that because the trial court's order was not in the form of a qualified domestic relations order, his retirement account was exempt from execution by defendant. However, plaintiff's argument is premature. The trial court did not order the assignment of plaintiff's retirement account. The trial court only ruled that plaintiff's retirement account was not exempt from execution by defendant. Accordingly, we overrule defendant's assignment of error.

## VIII.

[8] Plaintiff also argues the trial court committed reversible error by failing to personally consider his offer of proof regarding changed circumstances at the time of the hearing on remand. Plaintiff relies upon N.C. Gen. Stat. § 1A-1, Rule 43(c) (2005), which provides as follows:

> In an action tried before a jury, if an objection to a question propounded to a witness is sustained by the court, the court on request of the examining attorney shall order a record made of the answer the witness would have given. The court may add such other or further statement as clearly shows the character of the evidence, the form in which it was offered, the objection made and the ruling thereon. In actions tried without a jury the same procedure may be followed, *except that the court upon request shall take and report the evidence in full,* unless it clearly appears that the evidence is not admissible on any grounds or that the witness is privileged.

(emphasis added).

"Rule 43(c) thus requires the trial court, upon request, to allow the insertion of excluded evidence in the record." *Nix v. Allstate Ins. Co.,* 68 N.C. App. 280, 282, 314 S.E.2d 562, 564 (1984). In the present case, the trial court allowed plaintiff to introduce the excluded evidence into the record. Plaintiff cites no binding authority, and we find none, that requires a trial court to personally take an offer of proof. Therefore, the trial court's failure to personally consider plaintiff's offer of proof was not prejudicial.

## IX.

[9] Plaintiff argues that, pursuant to N.C. Gen. Stat. § 50-20(f), the trial court erred by failing to take judicial notice of its equitable distribution order upon plaintiff's request prior to entering its alimony order on remand. N.C. Gen. Stat. § 50-20(f) (2005) requires: "After the determination of an equitable distribution, the [trial] court, upon request of either party, shall consider whether an order for alimony or child support should be modified or vacated pursuant to G.S. 50-16.9 or 50-13.7." However, this statute has no application here because there was no existing alimony order to modify until 26 February 2003, the effective date of the alimony order. Therefore, plaintiff's request that the trial court take judicial notice of the equitable distribution order before the entry of the alimony order was ineffectual and we overrule this assignment of error.

Affirmed in part, vacated and remanded in part.

Chief Judge MARTIN and Judge STEELMAN concur.