TAMERA FRANK & PETER FRANKLIN, Plaintiffs v. WALTER SAVAGE, JERRI STORIE & JOHNNY RIDDLE in their capacity As Yancey County Commissioners; THE YANCEY COUNTY BOARD OF COMMISSIONERS; NATHAN BENNETT, in his capacity as Yancey County Manager; JASON ROBINSON, JERRI STORIE, CATHY KING, ELAINE BOONE, & JUDY BUCHANAN, in their capacity as Members of the Yancey County Department of Social Services Board of Directors; & THE YANCEY COUNTY DEPARTMENT OF SOCIAL SERVICES BOARD OF DIRECTORS, Defendants

No. COA09-1413

(Filed 6 July 2010)

**1. Appeal and Error— notice of appeal—timely**

Defendants' motion to dismiss plaintiffs' appeal for failure to file timely notice of appeal was denied. Defendants' failure to comply with the service requirements of Rule 58 of the rules of Civil Procedure required the application of Rule 3(c)(2) and under this Rule, plaintiffs' appeal was timely.

**2. Open Meetings— Board of Commissioners—unannounced meeting**

The trial court erred in granting defendants' motion to dismiss plaintiff's complaint pursuant to N.C.G.S. § 1A-1, Rule 12(b)(6) alleging that the Board of Commissioners and its members violated the Open Meetings Law. Treating the allegations in plaintiffs' complaint as true, plaintiffs stated a cognizable claim that the Board of Commissioners violated N.C.G.S. §§ 143-318.12(b) and 153A-40.

**3. Counties— authority of Board of Commissioners—composition of administrative board**

The trial court erred in granting defendants' motion to dismiss plaintiff's complaint pursuant to N.C.G.S. § 1A-1, Rule 12(b)(6) because, treating plaintiffs' allegations as true, plaintiffs stated a cognizable claim that the Board of Commissioners exceeded its authority and violated N.C.G.S. §§ 108A-4 and 153A-76 by revoking plaintiffs' appointments to the Department of Social Services Board of Directors.

**4. Constitutional Law— due process—no adequate state remedy—not alleged**

The trial court did not err by dismissing plaintiffs' due process claims where they did not allege the lack of adequate state remedy.

Appeal by plaintiffs from order entered 13 July 2009 by Judge Bradley Letts in Superior Court, Yancey County. Heard in the Court of Appeals 25 May 2010.

*Parker Poe Adams & Bernstein LLP, by Robert A. Leandro and Elizabeth A. Magee, for plaintiffs-appellants.*

*Donny J. Laws, for defendants-appellees.*

WYNN, Judge.

"In ruling upon a Rule 12(b)(6) motion, the trial court . . . should not dismiss the action unless it appears to a certainty that plaintiff is entitled to no relief under any statement of facts which could be proved in support of the claim."[1] In the present case, the trial court

---

1. *Arroyo v. Scottie's Professional Window Cleaning,* 120 N.C. App. 154, 158, 461 S.E.2d 13, 16 (1995), *disc. review improvidently allowed,* 343 N.C. 118, 468 S.E.2d 58 (1996).

granted Defendants' Rule 12(b)(6) Motion to Dismiss Plaintiffs Tamera Frank and Peter Franklin's complaint. Treating Plaintiffs allegations as true, we hold that the complaint was sufficient to state claims upon which relief may be granted against Defendant Yancey County Board of Commissioners. We therefore reverse, in part, the trial court's dismissal of Plaintiff's complaint.

In their complaint filed 23 January 2009, Plaintiffs alleged that during the regularly scheduled monthly meeting of the Yancey County Board of Commissioners on 11 November 2008, the Commissioners nominated and appointed Plaintiffs to serve on the Yancey County Department of Social Services ("DSS") Board of Directors. Plaintiffs were sworn into office by the Clerk to the Board of Commissioners immediately following the meeting.

Defendants Walter Savage, Jerri Storie, and Johnny Riddle were sworn into office on the new Board of Yancey County Commissioners on 1 December 2008. At a special meeting held that day, the new Board declared Plaintiffs' appointments invalid and, to the extent the appointments were valid, voted to revoke the appointments. Thereafter, the Board authorized the appointments of Defendants Elaine Boone and Judy Buchanan to serve as DSS Directors in place of Plaintiffs. Following the special meeting, Defendant Nathan Bennett, Yancey County Manager, sent a letter to Plaintiffs stating that the Board found Plaintiffs' appointments were not properly executed and therefore invalid.

On 9 December 2008, the Board held its regularly scheduled meeting and adopted the minutes of the 1 December 2008 meeting. Plaintiffs attended the 9 December 2008 meeting and requested reconsideration of the revocation and invalidation of their appointments. This request was denied. After the 9 December 2008 meeting, Defendant Nathan Bennett sent a letter to each of the Plaintiffs stating that the Board would not address the issue further and informing Plaintiffs that their recourse was to the courts.

In their complaint, Plaintiffs alleged numerous violations of their rights under the constitution and laws of North Carolina. Plaintiffs requested, among other things, injunctions restraining Defendants from further violations of Plaintiffs' rights; a declaratory judgment declaring the rights of the parties and declaring the actions of the new Board null and void; and that the costs of this action be taxed against Defendants. On 26 March 2009, Defendants filed an answer and a motion to dismiss Plaintiff's complaint pursuant to Rule

12(b)(6). By order filed 13 July 2009, the trial court granted Defendants' motion to dismiss.

On appeal, Plaintiffs contend that the trial court erred in granting Defendants' motion to dismiss because Plaintiffs' complaint stated claims based on valid legal theories: (I) alleged violations of N.C. Gen. Stat. § 143-318.9 & 318.12(b)(2) and N.C. Gen. Stat. § 153A-40(b); (II) alleged violations of N.C. Gen. Stat. § 108A-4; and (III) alleged violations of Plaintiff's Due Process Rights.

[1] Preliminarily, we address Defendants' Motion to Dismiss Plaintiffs' appeal filed with this Court on 31 March 2010. In their Motion to Dismiss, Defendants contend that Plaintiffs failed to file timely notices of appeal under Rule 3 of our Rules of Appellate Procedure, which provides that an appellant must file and serve a notice of appeal:

(1) within thirty days after entry of judgment if the party has been served with a copy of the judgment within the three day period prescribed by Rule 58 of the Rules of Civil Procedure; or

(2) within thirty days after service upon the party of a copy of the judgment if service was not made within that three day period;

N.C. R. App. P. 3(c)(1) & (2) (2010).

The trial court's order from which this appeal was taken was filed on 13 July 2009. According to Defendants' certificates of service, they deposited copies of the trial court's order in the mail on the same day. According to Plaintiffs, their attorney received the order on 17 July 2009. Plaintiffs filed respective notices of appeal on 13 August 2009. Plaintiffs thus filed their respective notices of appeal 31 days after entry of the order and 27 days from the date of receipt.

Defendants argue that Plaintiffs' failure to file timely notices of appeal under Rule 3(c)(1) warrants dismissal of their appeal. Plaintiffs reply that this Court should deny Defendants' motion to dismiss, as Defendants did not themselves comply with the Rules of Appellate Procedure.

Rule 3(c)(1) of the Rules of Appellate Procedure provides that a party must file and serve notice of appeal within thirty days after entry of judgment *if the party has been served a copy of the judgment within the three day period prescribed by Rule 58 of the Rules of Civil Procedure.* N.C. R. App. P 3(c) (emphasis added). Rule 58 provides that "[s]ervice and proof of service shall be in accordance

with Rule 5." N.C. Gen. Stat. § 1A-1, Rule 58 (2009). Rule 5(b) provides: "[a] certificate of service shall accompany every pleading and every paper required to be served . . . [and] shall show the date and method of service or the date of acceptance of service *and shall show the name and service address of each person upon whom the paper has been served.*" N.C. Gen. Stat. § 1A-1, Rule 5 (2009) (emphasis added).

Defendants' certificate of service does not show the name or service address of any person upon whom the order was served. Plaintiffs argue that Defendants therefore did not properly serve them by mail and that this Court should determine the applicable deadline for appeal by using Rule 3(c)(2). Plaintiffs point out that they actually received the order on 17 July 2009, more than three days after entry of the order. By Plaintiffs' calculation, their 13 August 2009 filing was timely.

We faced a similar situation in *Davis v. Kelly,* 147 N.C. App. 102, 554 S.E.2d 402 (2001). Appellee in *Davis* argued that appellant "filed the notice of appeal more than 30 days after the judgment was entered and that her appeal should therefore be dismissed." *Id.* at 105, 554 S.E.2d at 404. The Court noted however that appellee "did not fully comply with the service requirements of Rule 58 of the Rules of Civil Procedure." *Id.* Under the applicable provisions of Rule 3, appellant had thirty days from the date she was properly served with the judgment.[2] *Id.* The Court therefore denied appellee's Motion to Dismiss the appeal.

We believe that Defendants' failure to comply with the service requirements of Rule 58 of the Rules of Civil Procedure in the present case requires us to apply Rule 3(c)(2) and not Rule 3(c)(1). We therefore hold that Plaintiffs' appeal is timely. Defendants' Motion to Dismiss Plaintiffs' appeal is denied.[3]

Turning to the merits of Plaintiffs appeal, we note that:

---

2. We recognize that the language of Rule 3 when *Davis* was decided differs from that of the current Rule 3. *See* N.C. R. App. P. 3(c) (2001) ("The running of the time for filing and serving a notice of appeal . . . is tolled as to all parties for the duration of any period of noncompliance with the service requirements of Rule 58 of the Rules of Civil Procedure . . . ."). We believe application of the current Rule 3 yields the same result.

3. To the extent that Plaintiff's appeal was not timely filed, we grant Plaintiffs' petition for a writ of certiorari. *See Anderson v. Hollifield,* 345 N.C. 480, 482, 480 S.E.2d 661, 663 (1997) ("Rule 21(a)(1) gives an appellate court the authority to review the merits of an appeal by certiorari even if the party has failed to file notice of appeal in a timely manner.")

On a Rule 12(b)(6) motion to dismiss, the question is whether, as a matter of law, the allegations of the complaint, treated as true, state a claim upon which relief can be granted. Dismissal under Rule 12(b)(6) is proper when one of the following three conditions is satisfied: (1) the complaint on its face reveals that no law supports the plaintiff's claim; (2) the complaint on its face reveals the absence of facts sufficient to make a good claim; or (3) the complaint discloses some fact that necessarily defeats the plaintiff's claim.

*Wood v. Guilford County*, 355 N.C. 161, 166, 558 S.E.2d 490, 494 (2002) (citation omitted). "In ruling upon a Rule 12(b)(6) motion, the trial court should liberally construe the complaint and should not dismiss the action unless it appears to a certainty that plaintiff is entitled to no relief under any statement of facts which could be proved in support of the claim." *Arroyo v. Scottie's Professional Window Cleaning*, 120 N.C. App. 154, 158, 461 S.E.2d 13, 16 (1995), *disc. review improvidently allowed*, 343 N.C. 118, 468 S.E.2d 58 (1996). "This Court must conduct a *de novo* review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct." *Leary v. N.C. Forest Prods., Inc.*, 157 N.C. App. 396, 400, 580 S.E.2d 1, 4, *aff'd per curiam*, 357 N.C. 567, 597 S.E.2d 673 (2003).

I

**[2]** Plaintiffs first argue that the trial court erred in dismissing the complaint because the Board of Commissioners and its members violated our Open Meetings Law, N.C. Gen. Stat. § 143-318.9 & 318.10 and § 143-318.12(b)(2), as well as § 153A-40, by holding a special meeting on 1 December 2008 without giving proper notice to the public.

N.C. Gen. Stat. § 143-318.10 provides that "[e]xcept as provided . . . each official meeting of a public body shall be open to the public, and any person is entitled to attend such a meeting." N.C. Gen. Stat. § 143-318.10(a) (2009). N.C. Gen. Stat. § 143-318.12(b) provides "[i]f a public body holds an official meeting at any time or place other than a time or place [of its regularly scheduled meeting], it shall give public notice of the time and place of that meeting as provided in this subsection." N.C. Gen. Stat. § 143-318.12(b) (2009).

N.C. Gen. Stat. § 143-318.16 grants courts "jurisdiction to enter mandatory or prohibitory injunctions to enjoin" violations of this Article. N.C. Gen. Stat. § 143-318.16 (2009). N.C. Gen. Stat. § 143-318.16A states:

Any person may institute a suit in the superior court requesting the entry of a judgment declaring that any action of a public body was taken, considered, discussed, or deliberated in violation of this Article. Upon such a finding, the court may declare any such action null and void.

N.C. Gen. Stat. § 143-318.16A(a) (2009).

Plaintiffs also cite N.C. Gen. Stat. § 153A-40, which pertains specifically to County Boards of Commissioners. That statute requires notice of a special meeting "to be posted on the courthouse bulletin board at least 48 hours before the meeting." N.C. Gen. Stat. 153A-40 (2009). Although there is no specific enforcement mechanism provided, Plaintiffs contend that they are entitled to enforcement of this statute under the Declaratory Judgment Act. *See* N.C. Gen. Stat. § 1-253 (2009). "[J]urisdiction under the Act may be invoked 'only when the pleadings and evidence disclose the existence of a genuine controversy between the parties to the action, arising out of conflicting contentions as to their respective legal rights and liabilities under a deed, will, contract, statute, ordinance, or franchise.' " *A. Perin Dev. Co., LLC v. Ty-Par Realty, Inc.*, 193 N.C. App. 450, 451, 667 S.E.2d 324, 326 (2008) (quoting *Nationwide Mut. Insurance Co. v. Roberts*, 261 N.C. 285, 287, 134 S.E.2d 654, 656-57 (1964)), *disc. review denied*, 363 N.C. 372, 678 S.E.2d 230 (2009).

According to Plaintiff's complaint, notice of the 1 December 2008 special meeting of the Yancey County Board of Commissioners was not properly given. Treating the allegations in Plaintiffs' complaint as true, as we must, we conclude that Plaintiffs have stated a cognizable claim that the special meeting of the Board was held without complying with the notice requirements of N.C. Gen. Stat. § 143-318.12(b) and N.C. Gen. Stat. § 153A-40. *See Knight v. Higgs*, 189 N.C. App. 696, 704, 659 S.E.2d 742, 748 (2008) (holding that County Board of Elections violated the Open Meetings Law); *H.B.S. Contractors v. Cumberland County Bd. of Education*, 122 N.C. App. 49, 54, 468 S.E.2d 517, 521 (affirming trial court's declaration that County Board of Education violated Open Meetings Law), *disc. review improvidently allowed*, 345 N.C. 178, 477 S.E.2d 926 (1996). Plaintiffs are therefore entitled to a judicial determination of whether the actions taken by the Board at the unannounced meeting are null and void.

II

[3] Plaintiffs next argue that the trial court erred in dismissing their complaint because relief may be granted for Defendants' viola-

tion of N.C. Gen. Stat. § 108A-4. N.C. Gen. Stat. § 108A-1 provides that "[e]very county shall have a board of social services[.]" N.C. Gen. Stat. § 108A-1 (2009). "Each member of a county board of social services shall serve for a term of three years." N.C. Gen. Stat. § 108A-4 (2009).

Plaintiffs rely on *Bd. of Adjmt. of the Town of Swansboro v. Town of Swansboro*, 334 N.C. 421, 432 S.E.2d 310, *reh'g denied*, 335 N.C. 182, 436 S.E.2d 369 (1993). In that case, plaintiffs were members of a town Board of Adjustment. *Id.* at 423, 432 S.E.2d at 311. The town Board of Commissioners abolished the Board of Adjustment on which plaintiffs sat, and created a new Board of Adjustment with different members. *Id.* at 424-25, 432 S.E.2d at 312. The *Swansboro* plaintiffs sued, alleging a violation of N.C. Gen. Stat. § 160A-388(a), which mandated that all Board of Adjustment members serve for three years. *Id.* at 425, 432 S.E.2d at 312. Noting that the relevant statute did not require the city council to appoint a Board of Adjustment at all, our Supreme Court affirmed the trial court's award of summary judgment to Defendants. *Id.* at 426-27, 432 S.E.2d at 313-14.

The Court in *Swansboro* recognized that N.C. Gen. Stat. § 160A-146 empowered the city council "to create and abolish boards that are not established and required by law." *Swansboro*, 334 N.C. at 426, 432 S.E.2d at 313. N.C. Gen. Stat. § 153A-76 contains analogous language regarding County Government. *Compare* N.C. Gen. Stat. § 153A-76 (2009), *with* N.C. Gen. Stat. § 160A-146 (2009). N.C. Gen. Stat. § 153A-76 states, moreover, that "[t]he board [of commissioners] may not change the composition or manner of selection of a local board of education, the board of health, the board of social services, the board of elections, or the board of alcoholic beverage control." N.C. Gen. Stat. § 153A-76 (4) (2009).

Although *Swansboro* dealt with the authority of a town—rather than a county—Board of Commissioners, we believe the internal logic of that case is applicable to the circumstances before us. The result in *Swansboro* depended on the Board of Commissioner's power to dissolve an administrative board, the establishment of which was not required by law. *Id.* at 427, 432 S.E.2d at 313-14. The corollary to that principle is that when the establishment of the administrative board is required by law, the Board of Commissioners lacks the authority to abolish said board, in whole or in part. Moreover, N.C. Gen. Stat. § 153A-76 specifically pro-

hibits changing the composition or the manner of selecting the board of social services.

Plaintiffs' complaint alleges that Plaintiffs were appointed and sworn into office as Directors of Yancey County DSS. It alleges further that the new Board of Commissioners entertained a motion to revoke their appointments and appoint other persons in their places. Treating the allegations in Plaintiffs' complaint as true, we hold that Plaintiffs have stated a cognizable claim that the Board of Commissioners violated N.C. Gen. Stat. § 108A-4 (establishing three year term for member of county board of social services) and § 153A-76 (prohibiting abolishment of that board) when it revoked Plaintiff's appointments to the Yancey County DSS. Plaintiffs are entitled to a judicial determination of whether the Yancey County Board of Commissioners acted beyond its statutory authority when it invalidated their appointments. *See James v. Hunt*, 43 N.C. App. 109, 116, 258 S.E.2d 481, 486 (1979) (case was appropriate for declaratory judgment when member of Cemetery Commission challenged Governor's statutory basis for his removal), *disc. review denied*, 299 N.C. 121, 262 S.E.2d 6 (1980).

## III

[4] Plaintiffs next argue that the trial court erred in dismissing their complaint because relief may be granted for a violation of their right to due process.

"To assert a direct constitutional claim . . . for violation of his procedural due process rights, a plaintiff must allege that no adequate state remedy exists to provide relief for the injury." *Copper v. Denlinger*, 363 N.C. 784, 788, 688 S.E.2d 426, 428 (2010). This principle holds for both state and federal due process claims. *See id.* (state constitution); *Gilbert v. North Carolina State Bar*, 363 N.C. 70, 85, 678 S.E.2d 602, 611 (2009) (federal constitution); *Snuggs v. Stanly County Dept. of Public Health*, 310 N.C. 739, 740-41, 314 S.E.2d 528, 529 (1984) (federal constitution).

Plaintiffs do not specify in their complaint or in their brief whether they mean to invoke the state or the federal constitution. Either way, Plaintiffs' complaint failed to allege that no adequate state remedy exists. Indeed, the complaint concurrently alleged cognizable claims under state law, as recognized above. Accordingly, we hold that the trial court did not err in dismissing Plaintiffs' due process claims.

We conclude by noting that Plaintiffs' argument in their brief concerns only their complaint as against the Yancey County Board of Commissioners and its members in their official capacities. Insofar as there is no error claimed in the trial court's dismissal of Plaintiffs' complaint with regard to the other named Defendants, we do not disturb the trial court's order regarding them.

Affirmed in part, Reversed in part.

Judges STROUD and HUNTER, JR. concur.