BRYANT, Judge.
*59 Where the trial court's findings of fact are based upon competent evidence and support the trial court's conclusions of law that defendant has acted in bad faith regarding the *312 reporting of his income, we do not find an abuse of discretion by the trial court in its award of child support and alimony. An award of alimony will be upheld where the trial court makes sufficient findings as to the reasons for the amount, duration, and manner of payment of alimony. Where defendant was not prejudiced by the trial court's delay in entering an order for alimony, defendant cannot show that his constitutional rights were violated.
Plaintiff Yeun-Hee Juhnn and defendant Do-Bum Juhnn married on 29 June 1991. Three minor children were born of the marriage.
*60 Plaintiff and defendant separated on 27 August 2007 after sixteen years of marriage.
On 4 September 2007, plaintiff filed a complaint for child custody, child support, post-separation support, alimony, equitable distribution, and attorneys' fees. Defendant filed an answer and counterclaims for child custody and equitable distribution on 26 September. A consent order for temporary child support and interim post-separation support was agreed to by the parties on 17 October. Plaintiff then filed an amended complaint for child custody, child support, post-separation support, alimony, equitable distribution, and attorneys' fees on 17 December.
On 24 March 2008, defendant agreed to pay $750.00 a month in temporary child support, and to pay for plaintiff's mortgage and car payment. Defendant filed an amended answer and counterclaims for child custody and equitable distribution on 2 September. On 18 December, both parties agreed to dismiss their respective claims for equitable distribution. The parties also agreed to a memorandum of judgment under which defendant would pay plaintiff $1,485.00 a month in post-separation support and $750.00 in temporary child support.
On 1 December 2009, a permanent child custody, child support, and modification of post-separation support order was entered by the trial court. Plaintiff filed a new motion for child support and attorneys' fees on 8 February 2011. After hearings on 9 May 2010, 13 July 2011, 5 February 2012, 21 March 2012, and 1 June 2012, an order for permanent alimony, child support, and attorneys' fees was entered by the trial court on 10 February 2014. Defendant appeals.
_________________________
At the outset, we note that plaintiff filed a motion to dismiss defendant's appeal pursuant to N.C. R.App. P. 3(c)(3). Plaintiff argues that under Rule 3, defendant had thirty days to file a notice of appeal from the date the trial court served its order upon both parties.
Pursuant to N.C. R.App. P. 3, a notice of appeal must be filed within thirty days if the party is served within three days of entry of judgment, or within thirty days after a party is served and service occurs outside a three-day period after entry of judgment. N.C. R.App. P. 3(c)(1), (2) (2014).
Here, the evidence provided by plaintiff shows that a Family Court Administrator sent an email to both parties notifying each that the trial court's order, entered 10 February 2014, had been placed in the mail on 17 February 2014. However, plaintiff has not provided a certificate of *61 service nor any other evidence, such as a copy of the envelope showing the postmark date/stamp, to show that defendant was served within three days of entry of judgment; as such, Rule 3(c)(2) is applicable.[1] This Court has addressed a similar matter concerning the timely filing of a notice of appeal in Frank v. Savage, 205 N.C.App. 183, 695 S.E.2d 509 (2010). In Frank, the defendant filed a motion to dismiss the plaintiff's appeal as being untimely filed. This Court denied the defendant's motion, finding that the defendant failed to provide a certificate of service as required by Rule 58: "We believe that Defendant's failure to comply with the service requirements of Rule 58 of the Rules of Civil Procedure in the present case requires us to apply Rule 3(c)(2) and not Rule 3(c)(1). We therefore hold Plaintiff's appeal is timely." Id. at 187, 695 S.E.2d at 512. *313 In the instant case, defendant has provided evidence that he received a copy of the trial court's order on 28 February 2014, and that he filed his notice of appeal on 24 March 2014. Moreover, the email from the Family Court Administrator does not qualify as a certificate of service under Frank and, thus, defendant was not "served" on 17 February 2014 under Rule 3(c)(2). Accordingly, based on this Court's reasoning in Frank, and on the evidence presented here, defendant's notice of appeal in the instant case was timely filed within thirty days of defendant receiving the trial court's order. Plaintiff's motion to dismiss defendant's appeal as untimely is, therefore, denied.
_________________________
On appeal, defendant raises three issues as to whether the trial court erred: (I) by finding defendant acted in bad faith regarding his income; (II) in awarding plaintiff eighteen years of alimony; and (III) in not issuing its order until twenty months after the last hearing.
I.
Defendant argues that the trial court erred by finding defendant acted in bad faith regarding his income. We disagree.
Decisions regarding the amount of alimony are left to the sound discretion of the trial judge and will not be disturbed on appeal unless there has been a manifest abuse of that discretion. When the trial court sits without a jury, the standard of review on appeal is whether there was *62 competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts.
Williamson v. Williamson, 217 N.C.App. 388, 390, 719 S.E.2d 625, 626 (2011) (citations and quotation omitted). An abuse of discretion occurs when the trial court's decision is "manifestly unsupported by reason or one so arbitrary that it could not have been the result of a reasoned decision." Briley v. Farabow, 348 N.C. 537, 547, 501 S.E.2d 649, 656 (1998) (citations omitted).
Defendant contends the trial court erred in finding that defendant acted in bad faith and then imputing income to him based on his bad faith.
The trial court may ... modify support and/or alimony on the basis of an individual's earning capacity instead of his actual income when the evidence presented to the trial court shows that a husband has disregarded his marital and parental obligations by: (1) failing to exercise his reasonable capacity to earn, (2) deliberately avoiding his family's financial responsibilities, (3) acting in deliberate disregard for his support obligations, (4) refusing to seek or to accept gainful employment, (5) wilfully refusing to secure or take a job, (6) deliberately not applying himself to his business, (7) intentionally depressing his income to an artificial low, or (8) intentionally leaving his employment to go into another business. When the evidence shows that a party has acted in "bad faith," the trial court may refuse to modify the support awards. If a husband has acted in "good faith" that resulted in the reduction of his income, application of the earnings capacity rule is improper.
The dispositive issue is whether a party is motivated by a desire to avoid his reasonable support obligations. To apply the earnings capacity rule, the trial court must have sufficient evidence of the proscribed intent.
Wolf v. Wolf, 151 N.C.App. 523, 526-27, 566 S.E.2d 516, 518-19 (2002) (citations omitted).
In his brief, defendant lists the trial court's findings of fact 40, 42-43, 63, 66-69 as being erroneous. However, defendant fails to set forth any specific challenges to the findings of fact and instead presents a broad *63 argument which merely contends that "the evidence at trial [did] not support a finding that [defendant] acted in bad faith, warranting the imputation of income to [defendant.]" It is well established by this Court that where a trial court's findings of fact are not challenged on appeal, they are deemed to be supported by competent evidence and are binding on appeal. In re K.D.L., 207 N.C.App. 453, 456, 700 S.E.2d 766, 769 (2010). As defendant has failed to articulate challenges to these specific findings of fact, we find these findings to be not only binding *314 on appeal, but also supported by competent evidence demonstrating that defendant did indeed act in bad faith regarding his income.
Moreover, even assuming arguendo that defendant's broad argument is sufficient enough to challenge these specific findings of fact on appeal, defendant's argument still must fail. Defendant challenges the trial court's findings of fact that defendant: had "the capacity and ability to earn [$134,500.00] in 2008"; "engaged in a pattern of concealing income and under reporting his income which was fraudulent, deceitful, and demonstrative of bad faith"; filed falsified and inaccurate tax returns in 2007 and 2008; "has engaged in a course of conduct subsequent to the date of separation designed to deliberately depress his income because of his blatant disregard of his marital obligation to provide support for his dependent spouse and his children"; has "the capacity to earn at least $120,000.00 per year or $10,000.00 per month"; and that defendant "is a supporting spouse and is financially able to pay alimony and child support." Defendant has not, however, challenged the trial court's remaining findings of fact, which include findings that: defendant committed marital misconduct by abandoning plaintiff and their three children; plaintiff was a homemaker during the entire course of her marriage to defendant; "[d]efendant has an earning capacity far greater than that of [plaintiff] and has demonstrated that capacity"; defendant "intentionally shut down his brokerage business" and "intentionally understated [his brokerage business's] corporate income by at least $44,684.00"; defendant's tax returns for 2007 and 2008 were "spurious" and contained falsified and inaccurate information, including defendant forging his wife's signature on the tax returns; defendant has provided for his paramour and her children while refusing to provide support to plaintiff and his children; and that since plaintiff filed her claim for divorce, defendant has "engaged in voluntary unemployment or underemployment," or "is simply hiding income." These unchallenged findings are more than sufficient to support the trial court's conclusion that defendant acted in bad faith, and that the imputation of income to defendant would be appropriate. Moreover, we note that these unchallenged findings of fact clearly support the trial court's conclusion of law that:
*64 Defendant (1) failed to exercise his reasonable capacity to earn; (2) deliberately avoided family financial responsibilities; (3) acted in deliberate disregard of his support obligations; (4) refused to seek or keep gainful employment; (5) willfully refused to secure or take a job; (6) deliberately did not apply himself to his business; (7) intentionally depressed income; and (8) intentionally left employment to go into another business and that based on this conduct, he intended to avoid his duty of support to Plaintiff and their children and acted in bad faith such that income may be imputed to him.
Defendant's argument is, accordingly, overruled.
II.
Defendant contends the trial court erred in awarding plaintiff eighteen years of alimony. We disagree.
The standard of review is the same as that stated in Issue I.
Pursuant to North Carolina General Statutes, section 50-16.3A, "[t]he court shall exercise its discretion in determining the amount, duration, and manner of payment of alimony. The duration of the award may be for a specified or for an indefinite term." N.C. Gen.Stat. § 50-16.3A(b) (2013). "In determining the amount, duration, and manner of payment of alimony," the trial court must consider sixteen relevant factors, including marital misconduct, duration of marriage, and earning capabilities of the parties. Id. "[A] trial court's failure to make any findings regarding the reasons for the amount, duration, and the manner of payment of alimony violates N.C. Gen.Stat. § 50-16.3(A)(c)." Fitzgerald v. Fitzgerald, 161 N.C.App. 414, 421, 588 S.E.2d 517, 522-23 (2003) (citation omitted); see also N.C. Gen.Stat. § 50-16.3(A)(c) (2013) (holding that where a trial court decides, in its discretion, to award alimony, the trial court must give its reasons for the award's amount, duration, and manner of payment).
*315 In its order awarding plaintiff eighteen years of alimony, the trial court made seventy-six findings of fact, including findings that defendant: engaged in marital misconduct; was "always the sole means of support of the family"; has a greater earning capacity than that of plaintiff; has deliberately underreported his income to the trial court and on his tax returns; has filed falsified and inaccurate tax returns; has provided for his paramour and her children while refusing to support plaintiff and his children; and has either engaged in voluntary unemployment or has been hiding income in an attempt to avoid supporting plaintiff. The trial *65 court also made findings that plaintiff: "was absent from the marketplace for over 16 years while she raised the children, and lacks English language skills which make her functionally unemployable"; has "neither the education nor training to permit her to find employment to meet her reasonable economic needs in the United States"; "has significantly less earning potential or earning capacity than Defendant"; had to quit a cosmetology program because she could not afford the training; has had to borrow money from her sisters to pay the expenses of herself and the minor children; has been reliant on her sisters for housing, food, and other assistance; "is in debt with no prospect of working her way out of it due to her having no assets and the extent of her personal liabilities"; and that "[at] age 47, [she] is a dependent spouse and is in need of alimony based upon a consideration of the factors enumerated above, as contained in G.S. 50-16.3A(b), for a duration of eighteen years, which the Court finds to be reasonable under the circumstances[.]" The trial court then concluded as a matter of law that:
8. Pursuant to N.C.G.S. § 50-16.3A(a) the Court further concludes that an award of alimony to Plaintiff would be equitable considering all of the relevant factors, including those set forth in N.C.G.S. 50-16.3A(b), as outlined above.
9. Specifically, the Court concludes as a matter of law that Plaintiff is entitled to an award of alimony in the amount, duration and manner specified herein based on the Court's favorable consideration to Plaintiff of the factors contained in N.C.G.S. 50-16.3A(b)(2), (3), (5), (6), (7), (9), (10), (12) and (13), as applied to the facts of this case.
10. The Court concludes that eighteen years from January 27, 2010 is a reasonable length of time for the Plaintiff to receive[ ] alimony from the Defendant and concludes the Plaintiff is entitled to retroactive alimony to January 27, 2010.
We find that such numerous and thorough findings of fact and conclusions of law are more than sufficient to support the trial court's decision to award plaintiff alimony for a term of eighteen years.[2]
*66 See Ellis v. Ellis, --- N.C.App. ----, 767 S.E.2d 413 (2014) (upholding the trial court's order awarding alimony for a term of two years to the plaintiff where the trial court properly considered the statutory factors under N.C.G.S. § 50-16.3A(b) and made findings of fact that an alimony award of two years was appropriate given the plaintiff's acts of marital misconduct, bad faith during the divorce process, depletion of the marital estate, and refusal to secure employment). Defendant's argument is, therefore, overruled.
III.
Finally, defendant argues that the trial court erred in not issuing its order until twenty months after the last hearing. Specifically, defendant contends the trial court's delay in entering its order for alimony has violated defendant's constitutional rights. Defendant does not cite any substantive case law in support of his argument, however, in violation of Rule 28 of our Rules of Appellate Procedure. N.C. R.App. P. 28(b)(6) (2014) ("Issues not presented in a party's brief, or in support of which no reason or argument is stated, will be taken as abandoned."). Further, *316 this Court has previously addressed and denied defendant's argument in Rhew v. Felton, 178 N.C.App. 475, 631 S.E.2d 859 (2006).
In Rhew, the plaintiff contended the trial court, by delaying entry of an alimony order, had violated his constitutional rights. The plaintiff based his argument upon Wall v. Wall, 140 N.C.App. 303, 536 S.E.2d 647 (2000), in which this Court held that a nineteen-month delay by the trial court between an equitable distribution hearing and entry of an equitable distribution order had violated the defendant's rights. Rhew distinguished itself from Wall, however, by noting that "Wall dealt with an equitable distribution award, while the present case involves alimony." Rhew, 178 N.C.App. at 482, 631 S.E.2d at 865. "Indeed, since Wall, this Court has declined to reverse late-entered ... orders where the facts have revealed that the complaining party was not prejudiced by the delay." Britt v. Britt, 168 N.C.App. 198, 202, 606 S.E.2d 910, 912 (2005) (holding that a delay of sixteen months between hearing and entry of equitable distribution order was not prejudicial) (citing White v. Davis, 163 N.C.App. 21, 26, 592 S.E.2d 265, 269 (holding that delay of seven months between hearing and entry of equitable distribution order was not prejudicial)).
In the instant matter, defendant argues that the "extreme delay was prejudicial" because, "[s]ince [defendant] had made no payments in twenty months, he is [now] lumped with an extreme arrears amount." However, we note defendant was under an order to pay post-separation support and child *67 support prior to the trial court's entry of an order for permanent alimony, and defendant has presented no evidence as to why he did not make the required post-separation support and child support payments during this time period (almost four years), nor has defendant shown how the trial court's delayed entry of the alimony and child support order has prejudiced him. In fact, on this record, it appears only plaintiff has suffered substantial prejudice, not defendant.
Defendant further contends he has been delayed by the late entry of the order because hearing transcripts and exhibits have been lost during this twenty-month period. Defendant presents no specific arguments or examples as to exactly how he has been prejudiced by this loss of trial court materials, nor does he cite any case law in support of his argument. Moreover, the record, as presented on appeal, is sufficiently complete to permit a satisfactory review of defendant's arguments. Defendant's contention is, therefore, overruled.
The order of the trial court is affirmed.
AFFIRMED.
Judges STEPHENS and DIETZ concur.

"In civil actions and special proceedings, a party must file and serve a notice of appeal: ... within thirty days after service upon the party of a copy of the judgment if service was not made within that three day period[.]" N.C. R.App. P. 3(c)(2) (2014).

We further note that the trial court made several findings of fact which stated that plaintiff (at the time of the trial court's order) was forty-seven years old. Given that the trial court made numerous findings of fact that plaintiff is "in debt with no prospect of working her way out of it" and is "functionally unemployable," it is certainly conceivable that by awarding eighteen years of alimony, the trial court intended for plaintiff to receive alimony until she reaches the age of sixty-five and becomes eligible for social security and other governmental assistance.